Ernest DANIELS, Plaintiff–Appellant,

v.

Jerry SOUTHFORT, et al.,
Defendants–Appellees.

No. 92–3345.

United States Court of Appeals,
Seventh Circuit.

Argued April 26, 1993.

Decided Oct. 1, 1993.

William J. Stevens (argued), Chicago, IL, for plaintiff-appellant.

John F. McGuire, Asst. Corp. Counsel, Lawrence Rosenthal, Deputy County Counsel, Frederick S. Rhine, Asst. Corp. Counsel (argued), Kelly R. Welsh, Asst. Corp. Counsel, Benna R. Solomon, Appeals Div., Chicago, IL, for defendants-appellees.

Before CUDAHY and EASTERBROOK, Circuit Judges, and EISELE, Senior District Judge.*

EISELE, Senior District Judge.

On December 5, 1990, Appellant filed suit in Federal District Court against named police officers for the City of Chicago, alleging that he and his friends were being harassed by the Chicago police department. Daniels' original complaint alleged that the police arrested, stopped, searched, assaulted, or intimidated his friends, warning them not to associate with Daniels. His request for an injunction against the police under 42 U.S.C. § 1983 was denied by the district court on December 11, 1990, which concluded that he had an adequate remedy at law. He appealed this denial. While that appeal was pending the District Court permitted plaintiff to file a "supplement" to his complaint. The record on appeal was then supplemented with this filing. On August 13, 1991, this Court in an unpublished opinion vacated the district court's decision concluding that Daniels lacked standing to assert the Fourth Amendment claims of others. It remanded the case to the District Court to determine the issues in the light of the allegations in the supplemental complaint.

On December 4, 1991, the district court allowed Daniels to file an amended complaint, in which he alleged that one "T.C."; Jerry Southfort (hereinafter "Southfort"); Greg Young; Sgt. Nelson; Officer Parks; Officer Jenkins; Officer Lucas; Officer Gates; and Officer Bosky[1] violated Daniels' constitutional rights. Specifically, he alleged a number of false arrests for possession of controlled substances, one of which was effectuated with excessive force when the police officer broke a window and the broken glass cut Daniels; an illegal seizure of Daniels' rental car; an unreasonable search of Daniels' home and the seizure of Daniels' Rock Whiller [sic] puppy dog; another unreasonable search of Daniels' home during which the police destroyed his personal property, including a VCR, cable box, and two telephones; and "in excess of 100 occasions" the unreasonable "stop and frisks" of Daniels during his summer basketball games. Daniels again sought injunctive relief. All of the defendants except T.C. and Southfort[2] filed a

---

* Hon. G. Thomas Eisele of the Eastern District of Arkansas, sitting by designation.

1. Appellant alleges that all of the named defendants were Chicago police officers assigned to the Fifteenth District.

2. Neither Daniels nor the City of Chicago police have been able to identify or serve T.C. or Southfort, and thus they have not entered an appearance.

Motion to Dismiss on May 19, 1992. The district court granted the Motion to Dismiss on August 27, 1992, and Daniels appealed.

█ Because the district court dismissed this case for failure to state a claim, "we take the facts to be as alleged in the [amended] complaint, without of course vouching for their truth," *Albright v. Oliver*, 975 F.2d 343, 344 (7th Cir.), *petition for cert. filed,* —— U.S. ——, 113 S.Ct. 1382, 122 L.Ed.2d 757 (1992). Daniels' amended complaint contains a number of allegations against several defendants, which shall be analyzed separately.

█ First, there are allegations of various unconstitutional actions directed against Daniels' friends. As set forth in the previous appeal in this case, Daniels lacks standing to complain about injuries to his friends. Fourth Amendment rights cannot be asserted vicariously, *see Rakas v. Illinois*, 439 U.S. 128, 133–34, 99 S.Ct. 421, 425–26, 58 L.Ed.2d 387 (1978), and as previously noted, the friends themselves are the best champions of their own claims. The district court correctly disregarded Daniels' allegations of constitutional violations against his friends.

█ Second, there are allegations of various unconstitutional actions by officers whose names are not known to Daniels. Daniels alleges that Greg Young and "other officers" illegally stopped and searched a van in which Daniels was riding; that officers whom Daniels "does not presently know the name of" illegally seized Daniels' rental car; that "officers ... including" named defendants broke into Daniels' apartment and seized his dog; that named defendants and "other 15th district officers" arrested plaintiff and charged him with possession of a controlled substance; that named defendants "with the help of other officers unknown to the plaintiff" broke into Daniels' apartment and destroyed his personal property; that T.C., Southfort, and "other 15th district officers whose true full names are not presently known" performed over 100 unreasonable "stop and frisks" on Daniels; that "officers of the 15th district whose names are presently unknown" used excessive force to effectuate the arrest of plaintiff for possession of a controlled substance; and that "two officers

from the 15th district whose names are not presently known" wrongfully seized Daniels' vehicle. Daniels has not named any John Doe defendants, and never asked the district court to permit him to engage in discovery in order to identify and serve them before the court ruled on the Motion to Dismiss. There are no John Doe defendants before this Court, and the allegations against the unnamed officers cannot support injunctive relief against the named defendants.

█ Daniels named two "officers", T.C. and Southfort, in his unreasonable stop and frisk allegations. These parties have not been located by either side, and again, plaintiff failed to request discovery in the district court. Fed.R.Civ.P. 4(j) requires service of summons and complaint within 120 days of the filing of the complaint unless good cause can be shown for not doing so. Daniels failed to request discovery in the district court, and has made no showing of good cause for the failure to comply with 4(j). The district court properly dismissed the allegations against T.C. and Southfort.

█ Daniels alleges that Officers Parks and Young stopped the vehicle of Daniels' friend, and that officer Young told the friend that if Young was going to lose his job because of complaints from Daniels and his friends, he would "pop up out of a gangway with a ski mask and there would be no more complaints." This verbal remark, which was not made to Daniels, does not amount to a deprivation of liberty and does not constitute a search or seizure. The remark does not implicate constitutional concerns under § 1983, and thus fails to state a claim under which relief can be afforded.

█ Daniels' conclusory assertions that "defendants intend to prosecute the plaintiff in bad faith, not because they have substantial evidence of violations of law on the part of the plaintiff, but because they subjectively suspect that he is a drug kingpin" and "the defendants have searched and arrested the plaintiff without probable cause and without any justification, for the purpose harassing [sic] the plaintiff and inflicting summary punishment upon the plaintiff" are too vague to be cognizable at law. "(S)ome particularized

facts demonstrating a constitutional deprivation are needed to sustain a cause of action under the Civil Rights Act." *Cohen v. Illinois Institute of Technology,* 581 F.2d 658, 663 (7th Cir.1978), *cert. denied,* 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979).

■ Daniels alleges that on or about February 28, 1991, named defendants arrested Daniels and charged him with possession of a controlled substance and that this case was subsequently dismissed. An arrest is not presumed to be unlawful simply because the defendant is not convicted, and Daniels has failed to allege any unlawful police activity.

■ This leaves three allegations of police misconduct against named defendants: 1) that on November 19, 1990, Officer Young stopped and searched a van and detained the passengers, including Daniels, without probable cause; 2) that on February 25, 1991, Officer Gates and Sgt. Bosky broke into Daniels' apartment and seized his puppy; and 3) that on March 13, 1991, Officer Gates and Sgt. Bosky unreasonably entered Daniels' apartment, tore down his bathroom ceiling, and broke his two telephones, VCR, and cable box. While these allegations may have been sufficient to support a claim for damages, they are not sufficient to support the extraordinary remedy of injunctive relief.

■ While injunctive relief is appropriate in a § 1983 action where there is a persistent pattern of police misconduct, *see Allee v. Medrano,* 416 U.S. 802, 815, 94 S.Ct. 2191, 2200, 40 L.Ed.2d 566 (1974), it is still considered an extraordinary remedy, especially when the plaintiff seeks to enjoin police conduct. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). After weeding through the complaint, Daniels is left with only three flowering allegations of constitutional violations, all of which occurred more than two years ago. He has not identified a " 'pervasive pattern of intimidation' flowing from a deliberate plan by the named defendants" to violate his Fourth Amendment rights. *Rizzo v. Goode,* 423 U.S. 362, 375, 96 S.Ct. 598, 606, 46 L.Ed.2d 561 (1975) (quoting *Medrano,* 416 U.S. at 812, 94 S.Ct. at 2198).

Furthermore, Daniels does not meet the clearly established prerequisites for injunctive relief in this Circuit:

The award of injunctive relief is appropriate in those cases where the moving party can demonstrate that (1) no adequate remedy at law exists; (2) it will suffer irreparable harm absent injunctive relief; (3) the irreparable harm suffered in the absence of injunctive relief outweighs the irreparable harm respondent will suffer if the injunction is granted; (4) the moving party has a reasonable likelihood of prevailing on the merits; and (5) the injunction will not harm the public interest. *Somerset House, Inc. v. Turnock,* 900 F.2d 1012, 1014–15 (7th Cir.1990); *Baja Contractors, Inc. v. City of Chicago,* 830 F.2d 667, 675 (7th Cir.1987), *cert. denied,* 485 U.S. 993, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988). In order to prevail, the moving party must satisfy each element of this five part test. *Roland Machinery Co. v. Dresser Indus.,* 749 F.2d 380, 386–87 (7th Cir.1984).

*United States v. Rural Electric Convenience Cooperative Co.,* 922 F.2d 429, 432 (7th Cir. 1991).

Daniels specifically requests that an injunction be issued which would enjoin the defendants and all persons acting in concert with them from:

1) arresting or restricting Daniels' freedom of movement without reasonable grounds to believe that he has committed an offense and without first obtaining a warrant for his arrest or warrant to search vehicles or premises in which he may be found;

2) planting narcotics, firearms or other evidence on or about his person;

3) using false evidence against Daniels; and

4) harassing Daniels.

Applying this Court's standards for injunctive relief to Daniels' requested relief, we find that such injunctive relief is not available in this case. As stated by the District Court below:

Since Fourth Amendment rights are personal and cannot be vicariously asserted, we will consider only those incidents in which Daniels allegedly suffered personal injury when evaluating whether he has sufficiently pled a pattern of police misconduct in which equitable relief is an appropriate remedy. *See Rakas v. Illinois,* 439

U.S. 128, 133–34, 99 S.Ct. 421, 425–26, 58 L.Ed.2d 387 (1978).

Daniels alleges that the defendants violated his constitutional rights by seizing a car leased to him, stealing his dog, destroying his property, and falsely arresting him. In deciding the likelihood of success on the merits, the inquiry does not end when the movant shows that specific instances of misconduct have occurred in the past. The plaintiff must also establish a reasonable probability that the conduct was part of an official policy to the end that there is a substantial likelihood that future violations will occur. *See Medrano*, 416 U.S. 802, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974). Although he has alleged a number of past incidents in which the defendants allegedly violated his constitutional rights, he has not identified a " 'pervasive pattern of intimidation' flowing from a deliberate plan by the named defendant" to violate his Fourth Amendment rights. *Rizzo v. Goode*, 423 U.S. 362, 375, 96 S.Ct. 598, 606, 46 L.Ed.2d 561 (1975) (quoting *Medrano*, 416 U.S. at 812, 94 S.Ct. at 2198). Thus, he has failed to establish a reasonable probability that future violations will occur. Since Daniels has failed to alleged [sic] a pattern of unconstitutional deprivation, we conclude that he has failed to show a likelihood of success on the merits.

Daniels has an adequate remedy at law for damages under § 1983. He may file a complaint seeking damages for false arrest, excessive force, unlawful detention and/or destruction of property in violation of the Fourth and Fourteenth Amendments. Furthermore, "those who deliberately deprive a citizen of his constitutional rights risk conviction under the Federal criminal laws." *Lyons*, 461 U.S. at 113, 103 S.Ct. at 1671 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 503, 94 S.Ct. 669, 679, 38 L.Ed.2d 674 (1974)). His request to require the police to acquire a warrant before effectuating any stop, search or seizure as applied to him is far more stringent than Constitutionally required and could dangerously undermine the public interest in legitimate law enforcement activity. Simply stated, there is no showing of "any real or immediate threat ... [or] 'likelihood of substantial and immediate irreparable injury.'" *Id.* (quoting *O'Shea*, 414 U.S. at 502, 94 S.Ct. at 679). Daniels' request to enjoin the officers from "harassing" him is too vague to be enforceable, and again, there is an adequate remedy at law if any "harassment" rises to constitutional dimensions.

This Court concludes that Daniels has failed to meet the prerequisites for injunctive relief. His amended complaint was properly dismissed.

The judgment of the district court is accordingly

Affirmed.