In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 16-3784

JORGE BAEZ-SANCHEZ,

*Petitioner*,

*v.*

JEFFERSON B. SESSIONS III, Attorney General of the United States,

*Respondent*.

———————————

No. 17-1438

DAVID BISHOP and ERIC LISH, individually and on behalf of all others similarly situated,

*Plaintiffs-Appellants*,

*v.*

AIR LINE PILOTS ASSOCIATION, INTERNATIONAL,

*Defendant-Appellee*.

———————————

JURISDICTIONAL SCREENING ORDERS

———————————

JULY 10, 2017

_____

Before WOOD, *Chief Judge*, in chambers.

WOOD, *Chief Judge*. This court carefully screens all appeals and other matters filed with it to ensure that there are no jurisdictional problems, either at the district court or agency level or before us. In conducting this screening, we rely on the jurisdictional information furnished by the parties. Seventh Circuit Rule 3(c)(1) requires the docketing statement filed by the appellant (or petitioner, as the case may be) to "comply with the requirements of Circuit Rule 28(a)." Seventh Circuit Rule 28(a) addresses the later briefing stage, but the net effect of Circuit Rules 3(c)(1) and 28(a) is to require the same jurisdictional information for both docketing and briefing. With the important exception of *pro se* submissions, the court screens all briefs once they are filed to ensure that they include all the necessary information about the jurisdiction of both the district court (or agency) and the court of appeals. FRAP 28(b) addresses the appellee's brief; it allows the appellee to omit the jurisdictional statement "unless the appellee is dissatisfied with the appellant's statement."

These requirements may seem straightforward, but a distressing number of briefs filed in this court do not comply with the requirements of FRAP 28, as fleshed out in Circuit Rule 28. The two matters before me illustrate some common mistakes. I am issuing this opinion in the hope that attorneys practicing in the Seventh Circuit, as well as our *pro se* litigants, will take heed and avoid these errors in the future.

I begin with a review of the rules governing jurisdictional statements in briefs. FRAP 28(a)(4) describes the jurisdictional statement required for an appellant or someone petitioning

from an agency order; as FRAP 20 provides, all references in this opinion to appellants or appellees apply equally to petitioners and respondents. FRAP 28(a)(4) sets out the four critical points that must be included in all jurisdictional statements: (1) the basis for the district court or agency's jurisdiction; (2) the basis of the appellate court's jurisdiction; (3) the relevant dates demonstrating that the appeal or petition is timely; and (4) information establishing either finality or the existence of a relevant exception to the final-judgment rule. Circuit Rule 28(a) explains what information is needed to satisfy these requirements. Although this part of the rule is rather long, it is worth reproducing in full here:

> (a) *Appellant's Jurisdictional Statement*. The jurisdictional statement in appellant's brief, see FED. R. APP. P. 28(a)(4), must contain the following details:
>
> > (1) The statement concerning the district court's jurisdiction shall identify the provision of the constitution or federal statute involved if jurisdiction is based on the existence of a federal question. If jurisdiction depends on diversity of citizenship, the statement shall identify the jurisdictional amount and the citizenship of each party to the litigation. If any party is a corporation, the statement shall identify both the state of incorporation and the state in which the corporation has its principal place of business. If any party is an unincorporated association or partnership the statement shall identify the citizenship of all members. The statement shall supply similar details concerning the invocation of supplemental jurisdiction or other sources of jurisdiction.

(2) The statement concerning appellate jurisdiction shall identify the statutory provision believed to confer jurisdiction on this court and the following particulars:

(i) The date of entry of the judgment or decree sought to be reviewed.

(ii) The filing date of any motion for a new trial or alteration of the judgment or any other motion claimed to toll the time within which to appeal.

(iii) The disposition of such a motion and the date of its entry.

(iv) The filing date of the notice of appeal (together with information about an extension of time if one was granted).

(v) If the case is a direct appeal from the decision of a magistrate judge, the dates on which each party consented in writing to the entry of final judgment by the magistrate judge.

(3) If the appeal is from an order other than a final judgment which adjudicates all of the claims with respect to all parties, counsel shall provide the information necessary to enable the court to determine whether the order is immediately appealable. Elaboration will be necessary in the following cases although the list is illustrative rather than exhaustive:

(i) If any claims or parties remain for disposition in the district court, identify the nature of these claims and the ground on which an appeal may be taken in advance of the final judgment. If

there has been a certificate under Fed. R. Civ. P. 54(b) or if this is an appeal by permission under 28 U.S.C. § 1292(b), give the particulars and describe the relation between the claims or parties subject to the appeal and the claims or parties remaining in the district court.

(ii) If the ground of jurisdiction is the "collateral order doctrine," describe how the order meets each of the criteria of that doctrine: finality, separability from the merits of the underlying action, and practical unreviewability on appeal from a final judgment. Cite pertinent cases establishing the appealability of orders of the character involved.

(iii) If the order sought to be reviewed remands a case to a bankruptcy judge or administrative agency, explain what needs to be done on remand and why the order is nonetheless "final."

(iv) Whenever some issues or parties remain before the district court, give enough information to enable the court to determine whether the order is appealable. Appeals from orders granting or staying arbitration or abstaining from decision as well as appeals from the grant or denial of injunctions require careful exposition of jurisdictional factors.

The rules for an appellee's jurisdictional statement do not consume as much space, but they are equally important. As noted above, FRAP 28(b) exempts the appellee from filing a

jurisdictional statement unless it is "dissatisfied" with the appellant's statement. Circuit Rule 28(b) directs that "[t]he appellee's brief shall state explicitly whether or not the jurisdictional summary in the appellant's brief is *complete and correct*. If it is not, the appellee shall provide a complete jurisdictional summary." (Emphasis added.)

The appellee cannot simply assume that the appellant has provided a jurisdictional statement that complies with the rules. Common problems in appellants' jurisdictional statements include, in federal question cases where jurisdiction depends on 28 U.S.C. § 1331, the failure to specify the particular statute or constitutional provision at issue, and in diversity cases, failure to distinguish between citizenship (required by 28 U.S.C. § 1332) and residency (irrelevant) and, for organizations such as partnerships, LLPs, and LLCs, the failure to work back through the ownership structure until one reaches either individual human beings or a formal corporation with a state of incorporation and a state of principal place of business.

The job of the appellee is to review the appellant's jurisdictional statement to see if it is *both* **complete** and **correct**. These terms are not synonyms. A statement might be complete in the sense of covering all required topics, yet contain inaccuracies. Alternatively, everything furnished might be correct, but the statement might be missing something critical, such as the citizenship of a party, the particular statute at issue, or the dates on which the court's jurisdiction depends. If the appellant's statement is not complete, or not correct, the appellee must file a "complete jurisdictional summary." It is not enough simply to correct the misstatement or omission and "accept" the balance of the appellant's statement.

The Seventh Circuit, like its sister circuits, pays careful attention to the parties' jurisdictional statements, because "for centuries it has been recognized that federal courts have an obligation … to assure themselves of their own jurisdiction." *Kelly v. United States*, 29 F.3d 1107, 1113 (7th Cir. 1994). The Seventh Circuit's Clerk's Office has prepared a checklist for the use of litigants; that checklist is available on the court's website. See http://www.ca7.uscourts.gov/forms/check.pdf. The court's *Practitioner Handbook for Appeals*, also available on the website, http://www.ca7.uscourts.gov/forms/Handbook.pdf, provides further guidance for counsel and for *pro se* litigants. Those who take advantage of these resources should not run into any problems when the clerk's office scrutinizes whatever the party has filed; those who do not often find their briefs returned to them for the correction of deficiencies. See *United States v. Naud*, 830 F.2d 768, 769 (7th Cir. 1987) (*per curiam*) (briefs that do not comply with Circuit Rule 28 will not be accepted).

Both of the cases I have consolidated for purposes of this in-chambers opinion have inadequate jurisdictional statements. In *Baez-Sanchez v. Sessions*, No. 16-3784, the respondent Attorney General of the United States submitted the following Statement of Jurisdiction: "Mr. Baez-Sanchez's jurisdictional statement is correct." This says nothing about completeness, and so the brief must be returned to the Department of Justice. If the Department concludes that Mr. Baez-Sanchez's jurisdictional statement is both complete *and* correct, it should say so in the amended brief. If petitioner's jurisdictional statement is not complete, then the Attorney General must furnish a full jurisdictional statement that complies with FRAP 28(a) and Circuit Rule 28(a).

The jurisdictional statement furnished in *Bishop v. Air Line Pilots Association, Int'l*, No. 17-1438, has the mirror-image problem. It says "Appellants' jurisdictional statement provides a complete jurisdictional summary." Fine, but what about correctness? Once again, the court must send this back to the appellees. They must review the appellants' jurisdictional statement for *both* completeness *and* correctness, and if the statement is wanting on either score, they must supply a comprehensive statement that complies with FRAP 28(a) and Circuit Rule 28(a).

There is no reason why, month after month, year after year, the court should encounter jurisdictional statements with such obvious flaws. This imposes needless costs on everyone involved. The briefs filed by respondent Sessions and appellee Air Line Pilots are STRICKEN. Each one must file a new brief within seven days of this order; the new brief must contain a jurisdictional statement that complies with all of the requirements of FRAP 28(b) and Circuit Rule 28(b), and if necessary, statements that comply with FRAP 28(a) and Circuit Rule 28(a). I hope that this opinion will prevent the same problems from continuing to arise.

*So ordered*.