In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-1396

KELLY J. COSGRIFF and ANITA COSGRIFF,

*Plaintiffs-Appellants*,

*v.*

COUNTY OF WINNEBAGO, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 16 C 50037 — **Frederick J. Kapala**, *Judge*.

ARGUED SEPTEMBER 27, 2017 — DECIDED DECEMBER 1, 2017

Before WOOD, *Chief Judge*, and FLAUM and KANNE, *Circuit Judges*.

KANNE, *Circuit Judge*. A dog bit a Roscoe Township employee on Kelly and Anita Cosgriff's property. After the employee and the township sued the Cosgriffs, the Cosgriffs started a petition campaign encouraging taxpayers to notify the township that its employees should not trespass on private property.

The Cosgriffs' next property assessment set by the township was significantly higher than their last. The Cosgriffs challenged the increased assessment through a hearing before the Winnebago County Board of Review, the Illinois county in which Roscoe Township is located. The Board ruled in favor of the Cosgriffs and substantially reduced the new assessment.

The Cosgriffs then sued Winnebago County and numerous individual defendants in federal district court. The Cosgriffs principally allege that the defendants acted unconstitutionally when they increased the Cosgriffs' property assessment because the Cosgriffs spoke out against township employees trespassing on private property.

The district court dismissed the Cosgriffs' § 1983 claims, reasoning that comity principles barred federal courts from hearing these federal claims. The court also relinquished supplemental jurisdiction over the remaining state-law claims. The Cosgriffs appealed the dismissal of their federal claims. We affirm.

## I. BACKGROUND

We draw the facts from the complaint and presume them to be true for this appeal. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015).

Kelly and Anita Cosgriff reside in South Beloit, Illinois, which is part of Roscoe Township in Winnebago County. In 2013, they installed a $50,000 pool at their home. When two township employees came to the home in April 2014 to reassess its property value after the addition of the pool, one of the Cosgriffs' dogs bit one of the employees. That employee and Roscoe Township sued the Cosgriffs, so the Cosgriffs

posted a "No Trespass" sign on their property. They also started a petition drive on the website "change.org" that encouraged other Roscoe Township taxpayers to notify the Roscoe Township Assessor and its employees not to trespass on their own property.

Kelly Cosgriff contacted the Winnebago County Supervisor of Assessments, Thomas Walsh, several times to learn about the property assessment process. Thereafter, Walsh sought the advice of Assistant State's Attorney David Kurlinkus. The Cosgriffs allege that the two men then implemented a strategy to impede the Cosgriffs. In part, Kurlinkus "ghost wrote" a letter in July 2014 from Walsh to Kelly Cosgriff, stating that Kelly needed to direct his inquiries to the Roscoe Township Assessor instead.

Then, on August 7th, 2014, Walsh issued a "PTAX-228 Notice of Property Assessment" to the Cosgriffs for their home. This new assessment reflected a valuation that was 47.14% higher than the previous year, an increase in fair market value from $357,000 to $525,000 even though the Cosgriffs added only a $50,000 pool. It was the highest increase in Roscoe Township in 2014, a year when 99.17% of properties saw their assessed values reduced from the previous year.

On August 8th, Kelly Cosgriff emailed Walsh complaining about this assessment. Walsh forwarded the message to David Kurlinkus, who then forwarded it to his son (Josef Kurlinkus, the Roscoe Township Attorney) with the one-word message, "Boom."

The Cosgriffs filed a property tax assessment complaint with the Winnebago County Board of Review supported by a $345,000 appraisal of their property. The Board of Review set

a hearing on their complaint for February 20, 2015. That day, before the hearing began, Josef Kurlinkus—the township's attorney—moved to bar the Cosgriffs from presenting their appraisal, citing a rule that prevents taxpayers from presenting evidence when they have excluded a tax assessor from the property. The Cosgriffs had invited Roscoe Township to inspect the property, giving it a 30-day window to do so. The township did not take the Cosgriffs up on that offer.

In a closed-door deliberation on Josef's motion, Assistant State's Attorney David Kurlinkus argued in favor of granting the motion to bar the admission of the Cosgriffs' appraisal. The motion to bar was granted. David Kurlinkus later recused himself after being questioned about his participation in the hearing.

The hearing on the complaint proceeded without the appraisal evidence, but when Roscoe Township Assessor Joann Hawes testified, she was unable to explain how she assessed the Cosgriffs' property at $525,000. At the conclusion of the hearing, Kelly Cosgriff told the township's attorney, Josef Kurlinkus, "You should have done the right thing," to which Josef replied, "You should not have put up the website or signs."

The Winnebago County Board of Review found the value of the Cosgriffs' property to be $409,000 and reduced the assessment accordingly. They did not appeal the matter further in the state system.

They did, however, bring a suit—now in this court on appeal—in federal district court against (1) Winnebago County; (2) various county and township officials, individually and in

their official capacities; and (3) Kurlinkus Law Office, LLC (the law firm of Roscoe Township's attorney, Josef Kurlinkus).

The Cosgriffs proceeded on three federal-law claims as well as some state-law claims. The federal claims alleged that the defendants violated 42 U.S.C. § 1983 by (1) retaliating against the Cosgriffs for exercising their First Amendment rights to free speech (Count I), (2) conspiring to violate the Cosgriffs' Fourteenth Amendment rights to due process (Count II), and (3) violating the Cosgriffs' Fourteenth Amendment rights to equal protection of the law (Count III).

The defendants filed a motion to dismiss the federal claims for failure to state a claim. The district court granted that motion. We review this decision *de novo*, accepting all well-pleaded allegations as true and drawing all reasonable inferences in favor of the Cosgriffs. *See Bible*, 799 F.3d at 639. We agree that the Cosgriffs' federal claims should be dismissed.

## II. ANALYSIS

Section 1983 prohibits unconstitutional actions by persons acting under the color of state law. Congress "cut a broad swath" when it enacted § 1983, and the statute appears by its terms to give a federal cause of action to state taxpayers. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 103–04 (1981). But the comity doctrine, which "counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction," *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010), has limited § 1983's scope.

And cases dealing with state tax systems fall within the comity doctrine's purview. Before Congress enacted § 1983, the Supreme Court "recognized the important and sensitive

nature of state tax systems and the need for federal-court restraint when deciding cases that affect such systems." *Fair Assessment*, 454 U.S. at 102 (referring to *Dows v. City of Chicago*, 78 U.S. (11 Wall.) 108, 110 (1871)). And then in 1937, Congress provided that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had" in state court. 28 U.S.C. § 1341. Together, Congress and the Court embedded "the fundamental principle of comity between federal courts and state governments that is essential to 'Our Federalism,' particularly in the area of state taxation." *See Fair Assessment*, 454 U.S at 103.

So, though § 1983 appears to give a federal cause of action to state taxpayers, the principles of comity nonetheless apply to bar a state taxpayer from bringing a § 1983 suit in federal court. *See id.* at 103–05. This is true even if the taxpayer is seeking to redress the allegedly unconstitutional administration of a state tax system. *See id.* at 105. Taxpayers alleging that their federal rights have been violated by state or local tax practices must seek relief through available state remedies if those remedies are "plain, adequate, and complete." *Id.* at 116.

We have consistently barred taxpayers from bringing § 1983 suits "challenging the validity or imposition of state and local taxes in federal courts unless the available state remedies for those injuries are not adequate, plain, and complete." *Capra v. Cook Cty. Bd. of Review*, 733 F.3d 706, 713 (7th Cir. 2013). In *Werch v. City of Berlin*, for example, we agreed that a plaintiff's § 1983 suit against the city of Berlin, the Board of Review, and several individual city officials was meritless;

the plaintiff alleged the city's tax on his farm equipment denied him equal protection of the law. 673 F.2d 192, 196 (7th Cir. 1982).

And in *Capra*, we affirmed the dismissal of § 1983 suits brought by Illinois taxpayers against the Cook County Board of Review, its three commissioners, its chief deputy commissioner, and its first assistant commissioners. 733 F.3d at 708, 718. The defendants increased the taxpayers' property taxes by revoking their property tax reductions. Allegedly, they revoked the reductions after 2009 news reports claimed that then-Illinois State Representative Paul Froehlich had offered property tax reductions to his constituents in exchange for campaign contributions. *See id.* at 707. The suits alleged that the defendants violated the taxpayers' rights to equal protection of the law, their rights to due process, and their First Amendment rights to freedom of association. *Id.* at 708.

Importantly, we went on in *Capra* to find that Illinois's procedures for appealing property tax assessments are "adequate, plain, and complete." *Id.* at 714–17. "State remedies are 'plain, speedy and efficient' if they provide the taxpayer with a 'full hearing and judicial determination at which she may raise any and all constitutional objections to the tax.'" *Id.* at 714 (citation omitted). In Illinois, taxpayers can appeal a decision of a county Board of Review to the Property Tax Appeal Board or file a tax objection complaint directly with a county court. *See id.* at 714–15. If they select the former, they can appeal that decision to the Illinois state courts. *Id.* Through either route, the taxpayers can be heard by a state court of general jurisdiction, appealing through the state court system to the Supreme Court. *Id.*

The Cosgriffs brought their § 1983 claims in federal court—closely mirroring those three brought by the *Capra* taxpayers—against the County and various individual officials. The Cosgriffs attempt to remove their claims from the purview of comity considerations by arguing that they are not concerned about the tax that was imposed on them, but they are instead concerned about the defendants' unconstitutional actions against them. This is a distinction without a difference. If the defendants acted unconstitutionally, they only did so because they increased the Cosgriffs' tax burden by assessing the Cosgriff property to be worth more than it was. More specifically, the defendants allegedly conspired to impose a higher tax on the Cosgriffs without due process as retaliation for the Cosgriffs' exercise of free speech. In doing so, the defendants deprived the Cosgriffs of equal protection of the law. These claims are of the same character, then, as those brought by the *Capra* plaintiffs, and the principles of comity apply to preclude the Cosgriffs' claims from being heard in federal court just as those principles applied to bar the *Capra* plaintiffs' claims from being heard.

Further, before bringing this federal suit, the Cosgriffs utilized their Illinois state remedies by appealing their property tax assessment. If they were still dissatisfied after their property tax assessment was reduced, they could have continued through the state process to obtain further review and raise any and all constitutional objections to the tax. The fact that they did not do so is not dispositive. "The focus is on the *procedural* sufficiency of state remedies, not their substantive outcomes." *Id.* at 714. Thus, consistent with our previous decision in *Capra*, the Cosgriffs cannot bring their tax-related claims in federal court.

### III. CONCLUSION

Because the Cosgriffs challenge the administration of a local tax system under § 1983, their claims fall outside the scope of the statute, in accordance with *Fair Assessment*. The available state remedies are plain, adequate, and complete.

The Cosgriffs did not appeal the district court's decision to relinquish supplemental jurisdiction over their remaining state-law claims. Accordingly, we AFFIRM the district court's dismissal of the Cosgriffs' federal-law claims and relinquishment of jurisdiction over their state-law claims.