In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-3615

ROBBIE J. PERRY, *et al.*, on behalf of themselves and others similarly situated as Mattoon Township (Coles County, Illinois) commercial and industrial property owners,

*Plaintiffs-Appellants*,

*v.*

COLES COUNTY, ILLINOIS,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Central District of Illinois.
No. 17-cv-02133 — **Colin S. Bruce**, *Judge*.

ARGUED SEPTEMBER 27, 2018 — DECIDED OCTOBER 11, 2018

Before FLAUM, MANION, and SYKES, *Circuit Judges*.

FLAUM, *Circuit Judge*. Robbie J. Perry and James Rex Dukeman, on behalf of themselves and others similarly situated, sued Coles County, Illinois for placing a disproportionate tax on commercial and industrial properties in Mattoon Township in violation of the Equal Protection Clause of the Fourteenth Amendment. The district court dismissed plaintiffs'

claims based on the comity doctrine, and plaintiffs appeal. For
the reasons stated below, we affirm.

## I. Background

Plaintiffs-appellants Robbie J. Perry and James Rex Duke-
man own commercial and industrial parcels in Mattoon
Township. Plaintiffs filed a class-action lawsuit against de-
fendant-appellee Coles County, Illinois ("Coles County" or
the "County") for placing a disproportionate tax on commer-
cial and industrial properties in Mattoon Township as op-
posed to similar types of properties elsewhere in the County.

Illinois law authorizes county assessments for tax pur-
poses and provides procedures for doing so. Pursuant to
these procedures, counties must perform general assessments
every four years by an assessor who views each property and
determines its value in that year. *See* 35 Ill. Comp. Stat.
§§ 200/9-155, 9-215. According to the operative complaint,
from 2002 to 2016, Coles County did not comply with this law.
Instead of viewing and assessing properties, Coles County
used a property's assessment from the last year in which that
property was assessed.

In 2015, Coles County ordered a county-wide reassess-
ment of commercial and industrial properties. The Mattoon
School District and other taxing authorities urged Coles
County to complete the reassessments in time for the 2016 tax
year. However, Coles County only reassessed properties in
Mattoon Township for the 2016 tax year. For the remaining
townships, Coles County again used assessments from prior
years. As a result, from the 2015 tax year to the 2016 tax year,
the reassessed values for Mattoon Township commercial
properties increased by $10,656,968 (an approximately 25%

increase), and the reassessed values for Mattoon Township industrial properties increased by \$1,547,063 (an approximately 21% increase). Assessed values elsewhere in the County did not change.

Plaintiffs allege the County's assessments for the 2016 tax year violated the Fourteenth Amendment's Equal Protection Clause by placing a disproportionate tax on them and by treating them differently than similarly-situated property owners in the County. Plaintiffs filed a class-action complaint against Coles County in the United States District Court for the Central District of Illinois, bringing claims for violation of the Equal Protection Clause pursuant to 42 U.S.C. § 1983 (Count I); for a declaratory judgment that Coles County violated the Equal Protection Clause (Count II); and for an injunction requiring Coles County to immediately assess the remaining properties in the County and to redo the assessments of Mattoon Township that were used for the 2016 tax year (Count III).[1] In their amended complaint, Plaintiffs seek \$929,876.41 in damages, additional damages for future years, pre- and post-judgment interest, attorneys' fees and costs, and any other legal or equitable relief that the court awards.

Coles County moved to dismiss the amended complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The district court agreed with Coles County and granted the motion to dismiss plaintiffs' amended complaint in its entirety, entering judgment in favor of Coles County. Plaintiffs appealed.

---

[1] Plaintiffs filed their original complaint on June 9, 2017. Plaintiffs then filed an amended complaint approximately two months later, which became the operative pleading in this action.

## II. Discussion

We review a district court's grant of a motion to dismiss de novo. *Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018). The district court granted Coles County's motion to dismiss based on comity concerns rather than on the merits. We agree that the district court correctly dismissed plaintiffs' amended complaint based on the comity doctrine.

### A. The Tax Injunction Act

As an initial matter, we note that the district court concluded it was unnecessary to address the applicability of the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341,[2] because dismissal was appropriate based on the comity doctrine. This is the approach the Supreme Court has taken in similar contexts. *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 432 (2010) ("Because we conclude that the comity doctrine justifies dismissal of respondents' federal-court action, we need not decide whether the TIA would itself block the suit."); *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 107 (1981) ("Because we decide today that the principle of comity bars federal courts from granting damages relief in [state tax] cases, we do not decide whether [the TIA], standing alone, would require such a result."). This Court has also applied the comity doctrine to bar suits involving state taxation without separately considering the TIA's applicability. *See Capra v. Cook Cty. Bd. of Review*, 733 F.3d 705, 709 (7th Cir. 2013) (affirming dismissal without prejudice of § 1983 damages claims

---

[2] The TIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

against board of review "based on comity concerns under [*Fair Assessment*]" without independent TIA analysis); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011) (district court's decision to grant summary judgment in favor of tax assessors was correct "[p]ursuant to principles of comity"); *Fromm v. Rosewell*, 771 F.2d 1089, 1092 (7th Cir. 1985) ("We agree with the district court that the comity principle controls the disposition of appellants' claims for declaratory relief and money damages.").[3]

The TIA divests federal courts of subject-matter jurisdiction in cases where "the relief sought would diminish or encumber state tax revenue." *Scott Air Force Base Props., LLC v. County of St. Clair*, 548 F.3d 516, 520 (7th Cir. 2008). Comity, by contrast, is a doctrine of abstention. *Capra*, 733 F.3d at 713 & nn.5–6. However, as discussed below, the comity issue is dispositive and served as the basis for the district court's threshold dismissal of plaintiffs' claims without reaching their merits. Therefore, we will also analyze plaintiffs' claims solely according to comity principles. *See Levin*, 560 U.S. at 432

---

[3] *See also Kathrein v. City of Evanston*, 752 F.3d 680, 687 (7th Cir. 2014) (district court correctly dismissed challenge to state tax based on both the TIA and the principle of comity); *Johnson v. Orr*, 551 F.3d 564, 571 (7th Cir. 2008) ("Although the TIA applies only to suits seeking injunctive relief, suits for damages that seek to reduce state tax revenue are barred 'by the free-standing principle of comity.'" (quoting *Wright v. Pappas*, 256 F.3d 635, 637 (7th Cir. 2001))); *Pryzina v. Ley*, 813 F.2d 821, 823 (7th Cir. 1987) (agreeing that action challenging tax was barred by the TIA "insofar as the complaint may be construed to seek injunctive relief" and barred by the principle of comity "[i]nsofar as the complaint seeks declaratory relief or damages"); *Alcan Aluminum Ltd. v. Dep't of Revenue of State of Or.*, 724 F.2d 1294, 1298 (7th Cir. 1984) (even where the TIA did not apply, "the principle of comity underlying it militates in favor of a stringent standard of justiciability in cases that threaten to interfere with state taxes").

("[F]ederal court[s] ha[ve] flexibility to choose among threshold grounds for dismissal." (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007))).[4]

### B. The Comity Doctrine

Out of respect for state functions, the comity doctrine "restrains federal courts from entertaining claims for relief that risk disrupting state tax administration." *Id.* at 417; *see also Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 651 F.3d 722, 725 (7th Cir. 2011) (en banc) (comity, or "respect for another sovereign," is "the duty of federal courts to cede litigation seeking to enjoin state tax statutes to the state courts"). This doctrine reflects the reluctance of federal courts "to interfere by injunction with [states'] fiscal operations" and the concomitant desire to show "scrupulous regard for the rightful independence of state governments." *Matthews v. Rodgers*, 284 U.S. 521, 525 (1932).

Specifically, as relevant here, the comity doctrine bars taxpayers from asserting § 1983 claims against "the validity of state tax systems" via federal lawsuits. *Fair Assessment*, 454 U.S. at 116; *see also Nat'l Private Truck Council, Inc. v. Okla. Tax*

---

[4] Coles County moved to dismiss pursuant to Rule 12(b)(1), which allows for dismissal for "lack of subject-matter jurisdiction." Because comity is an abstention doctrine, this basis for dismissal is not technically correct. *See Capra*, 733 F.3d at 713 n.6 (the comity doctrine as outlined in *Fair Assessment* "presents not a mandatory jurisdictional limit but a prudential … issue"). However, as the district court noted, "comity nonetheless provides a basis to dismiss a limited class of federal lawsuits," *see Levin*, 560 U.S. at 421–24, and when assessing a dismissal for want of subject-matter jurisdiction we may affirm on any ground the record supports. *Kowalski*, 893 F.3d at 994. Thus, we see no issue in affirming the court's dismissal on a Rule 12(b)(1) motion.

*Comm'n*, 515 U.S. 582, 588 (1995) (federal courts may not award damages, declaratory relief, or injunctive relief for § 1983 claims in state tax cases). Taxpayers seeking such relief must instead "seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete." *Fair Assessment*, 454 U.S. at 116; *see also Levin*, 560 U.S. at 429 ("[I]f the [state taxation] scheme is indeed unconstitutional, surely the [state] courts are better positioned to determine … how to comply with the mandate of equal treatment."); *Capra*, 733 F.3d at 713 ("*Fair Assessment* has been applied consistently to bar plaintiffs from bringing section 1983 suits challenging the validity or imposition of state and local taxes in federal courts" in the presence of "adequate, plain, and complete" state remedies.).

When courts assess the adequacy of a state remedy, the question is whether the remedy is procedurally sufficient, not whether it will "result in the taxpayer's desired outcome." *Capra*, 733 F.3d at 714. State remedies are sufficient for abstention based on comity principles "if they provide the taxpayer with a 'full hearing and judicial determination at which she may raise any and all constitutional objections to the tax.'" *Cosgriff v. County of Winnebago*, 876 F.3d 912, 916 (7th Cir. 2017) (quoting *Capra*, 733 F.3d at 714).

In Illinois, aggrieved taxpayers can file property tax assessment complaints with a county board of review. *See id.* at 914; *Capra*, 733 F.3d at 708. This Court has previously explained the available remedy in Illinois for taxpayers who wish to appeal the decisions of these boards:

> Under Illinois law, taxpayers dissatisfied with a decision of a county Board of Review have two options for appeal. They can either appeal to the Property Tax Appeal Board (PTAB), 35 Ill. Comp. Stat. § 200/16–160, or file a tax objection complaint directly with a county circuit court, § 200/23–15.… If they select the PTAB route, they can appeal the PTAB's decision directly to Illinois state courts. 35 Ill. Comp. Stat. § 200/16–195. Although the PTAB is not expressly authorized to consider claims beyond objections to assessment values, we have found no provision in its authorizing statute or regulations precluding it from doing so. And before the PTAB, taxpayers may supplement the record with evidence beyond what was before the Board of Review. § 200/16–180.… Thus, through either the PTAB or the circuit courts, any statutory or constitutional claims can be heard by a state court of general jurisdiction and can be appealed through the Illinois court system to the Illinois Supreme Court and the Supreme Court of the United States.

*Capra*, 733 F.3d at 714–15 (citations and footnote omitted). We have previously concluded that these procedures were adequate under *Fair Assessment*. *Id.* at 715; *see also Cosgriff*, 876 F.3d at 916 (relying on *Capra* and concluding the comity doctrine precluded the plaintiff-taxpayers' constitutional claims because the Illinois procedures for appealing property tax assessments were "adequate, plain, and complete"); *Heyde*, 633 F.3d at 520 ("[W]e have continually found that the available

state procedures for challenging the Illinois tax system are acceptable under [*Fair Assessment*]." (citing cases)).

Plaintiffs maintain that they fall into a narrow exception to this abstention doctrine because Illinois state courts do not provide them with a *complete* remedy. Plaintiffs emphasize that with their complaint, they are not asserting that the assessments were unauthorized by law or levied on tax-exempt property. Rather, the crux of their claim is the irregularity of the assessment process: Coles County refused to follow Illinois law when it only reassessed Mattoon Township commercial and industrial properties for the 2016 tax year, not other such properties within the County. According to plaintiffs, the Illinois Supreme Court has stated that equitable relief is not available to remedy such "procedural errors or irregularities in the taxing process" and, since they seek such relief, the comity doctrine should not bar their suit.

However, the three Illinois cases plaintiffs cite in support of their argument stand only for the well-established proposition that under Illinois law equitable jurisdiction is not available for tax relief when there is an adequate remedy of law, unless the tax is unauthorized by law or the tax is levied on an exempt property. *See Millennium Park Joint Venture, LLC v. Houlihan*, 948 N.E.2d 1, 11, 17–18 (Ill. 2010) (state court had subject-matter jurisdiction to decide the merits of taxpayer's challenge to tax assessment under the unauthorized-by-law exception, even though it had not challenged the assessment with the county board of review and PTAB, because it sought a declaration that its nontaxable license rendered the imposition of a tax on its property illegal); *Lackey v. Pulaski Drainage Dist.*, 122 N.E.2d 257, 260–62 (Ill. 1954) (deciding there was no basis for equitable jurisdiction where plaintiffs' complaint

seeking to enjoin collection of an assessment was based on er-
rors and irregularities in the exercise of statutory taxing au-
thority, as opposed to the absence of statutory authority alto-
gether, and where plaintiffs had an adequate remedy at law);
*Wood River Township v. Wood River Twp. Hosp.*, 772 N.E.2d 308,
314–15 (Ill. App. Ct. 2002) (trial court had no equitable juris-
diction to consider taxpayers' cause of action: "equitable ju-
risdiction is barred for tax relief when there is an adequate
remedy at law," and taxpayers did not demonstrate that lev-
ied taxes were "unauthorized by law" so as to fit into excep-
tion to this rule). The adequate remedy at law for a taxpayer
who does not fall into one of these exceptions "is to pay the
taxes under protest and file an objection." *Wood River Town-
ship*, 772 N.E.2d at 314 (citing *North Pier Terminal Co. v. Tully*,
343 N.E.2d 507 (Ill. 1976)).

Plaintiffs maintain they cannot obtain the injunctive relief
they seek as part of their prayer for relief in this case via the
state process. However, as Coles County points out, it would
obliterate the comity doctrine if taxpayers could avoid the
doctrine's effect simply by alleging a claim for injunctive re-
lief. And plaintiffs do not only seek injunctive relief; they also
request a refund for the taxes they already paid, as well as
additional damages for future years.[5] This is an adequate rem-

---

[5] Coles County also argues that plaintiffs' claim for injunctive relief
fails as a matter of law. *See Daniels v. Southfort*, 6 F.3d 482, 485 (7th Cir.
1993) (describing prerequisites for such relief). Plaintiffs did not respond
to this argument in their reply brief, so waiver applies. *In re LaMont*, 740
F.3d 397, 410 (7th Cir. 2014). In any event, the injunctive relief plaintiffs
seek would compel the County to "cure the unequal assessment of prop-
erty taxes based solely upon the … sole assessment of property taxes on

edy at law that exists for these plaintiffs. And because an ad-
equate remedy at law is *not* lacking, plaintiffs are not entitled
to equitable relief. *Lynk v. LaPorte Superior Court No. 2*, 789
F.2d 554, 559 (7th Cir. 1986). Plaintiffs instead have an ade-
quate state remedy via the appeals process outlined above,
satisfying *Fair Assessment*.[6]

Drawing on the purposes for federal noninterference in
state tax administration, plaintiffs finally argue that they do
not wish to stop the assessment, levying, or collection of taxes.
Therefore, their requested relief would not disrupt Coles
County's tax assessment, they claim, but would instead in-
crease the County's tax revenue by raising taxes on its com-
mercial and industrial properties outside Mattoon Township.
The district court found this assertion disingenuous. As al-
ready discussed, plaintiffs seek more than just injunctive re-

---

commercial and industrial properties in Mattoon Township" by reas-
sessing such properties pursuant to Illinois law. But "federal courts have
no power to order state officials to comply with state law." *BT Bourbonnais
Care, LLC v. Norwood*, 866 F.3d 815, 818 (7th Cir. 2017) (citing *Pennhurst
State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)).

[6] In their reply brief, plaintiffs cite an Illinois statute prohibiting tax
objection complaints from being filed as class actions, and plaintiffs argue
that this is a further reason why the state remedy is not completely ade-
quate for their alleged harms. *See* 35 Ill. Comp. Stat. § 200/23-15(a). They
note that in *Rosewell v. LaSalle National Bank*, the Supreme Court said fed-
eral-court jurisdiction may be appropriate in the TIA context "when the
taxpayer's state-court remedy would require a multiplicity of suits." 450
U.S. 503, 517 (1981). It is not clear that the inability to pursue this action as
a class action would result in a "multiplicity of suits." Regardless, plain-
tiffs may not raise arguments for the first time in their reply brief. *Laborers'
Pension Fund v. W.R. Weis Co.*, 879 F.3d 760, 768 (7th Cir. 2018).

lief. They also seek a refund for taxes paid in 2016 and a declaratory judgment. By demanding a substantial refund, an overhaul of the County's tax assessment, and collection procedures going forward, plaintiffs' claims necessarily encroach on Coles County's ability to administer its tax laws, as well as its ability to levy and collect taxes.

Moreover, even looking only at plaintiffs' requested injunctive relief, they essentially seek a federal court order requiring that Coles County increase others' tax burdens by doing assessments county-wide as contemplated by Illinois law. In *Levin*, the Supreme Court faced a similar equal-protection challenge to an allegedly discriminatory state-taxation scheme, "framed as a request to increase a commercial competitor's tax burden." 560 U.S. at 417. The Court concluded comity warranted dismissal of the suit because, even if the plaintiffs could prevail on the merits of their equal-protection claim, the only means of providing relief would be to reduce the plaintiffs' tax liability or to reshape the state's tax code. Though plaintiffs only requested an increase in the tax burden of others, they "would have no entitlement to their preferred remedy." *Id.* at 430–31. Thus, addressing the merits of plaintiffs' claims, even if they would result in additional taxes for the County, would plainly interfere with Coles County's ability to collect taxes. *See id.* at 417 (comity restrains federal courts from considering claims "that risk *disrupting* state tax administration" (emphasis added)). This is the exact type of case the comity doctrine was meant to address, and the district court appropriately abstained from hearing this suit.

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.