**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2019[*]
Decided May 31, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 18-3179

| | |
|---|---|
| TOMECA DENWIDDIE, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-CV-601-JPS |
| STEPHEN J. MUELLER, et al., *Defendants-Appellees.* | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Police officers searched Tomeca Denwiddie's home because they mistakenly thought that the target of their search—David Montgomery, Denwiddie's former companion—lived there. She sued the officers under 42 U.S.C. § 1983 for searching her home without probable cause and unreasonably destroying and confiscating her property in violation of the Fourth Amendment. The district court granted the officers'

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

motion to dismiss based on qualified immunity. Because the officers did not establish that qualified immunity applies based on the facts as Denwiddie pleaded them, we vacate the judgment and remand for further proceedings.

In her complaint, Denwiddie alleged that the defendants—City of Racine police officers—"raided" her home based on faulty information, kicked in and damaged her door, and destroyed and confiscated her "property." (Her complaint did not specify what type of property was taken). The officers moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Denwiddie failed to state a claim for a Fourth Amendment violation and that, even if she had, they were protected by qualified immunity. Denwiddie countered that the officers had ignored facts showing that the "David Montgomery" who resided in her home was her young son and that they therefore lacked probable cause to conduct the search. Further, she argued, because the warrant did not specify the person or things to be searched, it was impossible for the raiding officers to know whom or what they were supposed to be looking for. She reiterated that the officers needlessly destroyed her "property," and explained that they had indefinitely taken some of her "legally purchased and possessed items" that "did not prove evidence of crime" nor had been used in the commission of a crime. (She did not specify whether the seized property would have been of the kind to fall outside the scope of the search warrant). Albeit briefly, she discussed the officers' qualified immunity defense and cited cases to support her argument that immunity did not apply.

The district court granted the officers' motion to dismiss, deciding that they were entitled to qualified immunity because, although Denwiddie had alleged a Fourth Amendment violation, she had "not carried her burden to rebut" their defense that they had not violated any clearly established law. Denwiddie appeals.

Denwiddie argues that the district court erred in dismissing her claim based on qualified immunity. At the outset, we reject the appellees' suggestion that Denwiddie waived this issue because, they say, she "makes no legal argument and cites no relevant case law." Denwiddie's brief specifically addresses qualified immunity and refers to generally relevant authority. On appeal, we "construe pro se filings liberally, and will address any cogent arguments we are able to discern in a pro se appellate brief." *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017). We also do not accept the appellees' contention that Denwiddie has waived other arguments, namely, that the search warrant was overbroad and that the officers seized her property without compensation. The appellees fault Denwiddie for not explicitly mentioning the sufficiency of the warrant or referencing the Fifth Amendment. But Denwiddie was not

required to plead legal theories, *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011), so her allegations that the officers sought a warrant based on an "assumption," executed an overbroad warrant, and denied her access to her property sufficiently preserved her arguments on appeal, *see King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014).

We review de novo the granting of a Rule 12(b)(6) motion based on qualified immunity. *Reed v. Palmer*, 906 F.3d 540, 546 (7th Cir. 2018). In determining whether the defense applies, we look to (1) whether the defendants violated a constitutional right, and (2) whether the constitutional right was clearly established. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Armstrong v. Daily*, 786 F.3d 529, 537 (7th Cir. 2015).

First, Denwiddie stated a claim that the officers violated her constitutional rights.[1] We consider both her complaint and the additional allegations, consistent with the complaint, that she raised in response to the motion to dismiss. *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015). Denwiddie alleged that the officers ignored evidence that Montgomery did not reside in her home and therefore obtained a warrant based on false or omitted information. *See United States v. Mykytiuk*, 402 F.3d 773, 776–77 (7th Cir. 2005). She further alleged that the warrant was overly broad because it did not describe the person or things to be seized, nor did it explain what evidence the officers were supposed to search for. *See Massachusetts v. Sheppard*, 468 U.S. 981, 988 n.5 (1984). Denwiddie also asserted that the officers unreasonably destroyed her property when executing the search, whether it was lawful or not. *See United States v. Ramirez*, 523 U.S. 65, 71 (1998) ("Excessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression."). And, she explained, the officers permanently confiscated some of her lawfully possessed property, which they could not have reasonably believed to be within the scope of the warrant. *See Pepper v. Village of Oak Park*, 430 F.3d 805, 809 (7th Cir. 2005). Given Denwiddie's burden simply to state a plausible grievance "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) (citation omitted), her complaint passes muster—though we do not comment on whether it has merit.

---

[1] On appeal, the appellees have waived any argument that Denwiddie failed to state a claim. In a footnote, they state that they "disagree" with the district court's analysis, but they do not develop any argument. Instead, they incorporate "the reasons stated in [their] motion to dismiss." Incorporation by reference is not permitted in an appellate brief. *Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 731 (7th Cir. 2014).

The district court erred in determining that no clearly established law was violated because Denwiddie "had not carried her burden to rebut" the officers' qualified immunity defense. There is no duty to plead around a qualified immunity defense. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("We see no basis for imposing on the plaintiff an obligation to anticipate such a defense by stating in his complaint that the defendant acted in bad faith."). And "[b]ecause a qualified immunity defense so closely depends on the facts of the case, a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Reed*, 906 F.3d at 548 (citation omitted). When qualified immunity is raised in a motion to dismiss, "it is the defendant's conduct as *alleged in the complaint* that is scrutinized for 'objective legal reasonableness.'" *Id.* at 549 (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)). We take care to follow the Supreme Court's admonition not to define the constitutional rights in question at too high a level of generality. *See Kisela v. Hughes*, 138 S. Ct. 1148, 1152–53 (2018); *White v. Pauly*, 137 S. Ct. 548, 552 (2017). The rights must be described with adequate specificity, but there need not be a case directly on point so long as existing precedent is sufficiently analogous as to place the officers on notice that their conduct was unlawful. *Id.*

It was clearly established in October 2014 that the search and seizure that Denwiddie described in her complaint and elaborated on in her response to the motion to dismiss were unlawful. Ignoring key facts when obtaining a search warrant, executing an overly broad warrant, destroying the homeowner's property, and permanently seizing private, legal property, are objectively unreasonable. *See Sheppard*, 468 U.S. at 988 n.5 ("The uniformly applied rule is that a search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional."); *Whitlock v. Brown*, 596 F.3d 406, 410–11 (7th Cir. 2010) (explaining that police officer violates Fourth Amendment if he recklessly withholds material information from probable-cause affidavit); *Daniels v. Southfort*, 6 F.3d 482, 486 (7th Cir. 1993) (stating that plaintiff could file complaint against officers for unreasonably entering his apartment, tearing down his bathroom ceiling, and breaking his telephones and cable box in violation of Fourth Amendment). It is possible that none of these things happened, but that is a question of proof, which comes later.

Because we are remanding the case, we note that Denwiddie was twice denied leave to amend her complaint because, although she explained that she wished to allege additional claims against more defendants, she failed to submit a proposed amended complaint with her motions. A district court may deny a motion for leave to amend for that reason, but we have explained that if the substance of the proposed changes is clear, a proposed amended complaint is not strictly required. *See Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 506 (7th Cir. 2014). In this case, Denwiddie first moved to amend

before the complaint was served. Leave of court was not required, *see* FED. R. CIV. P. 15(a), yet the district court denied the motion. Denwiddie then filed a second motion just after service was documented; she again sought to add more facts about the search and clarify the relief that she sought, but again she did not submit a proposed amended complaint for pre-approval. It seems that Denwiddie did not understand what the district court was asking of her. On remand, Denwiddie should be permitted to file an amended complaint, if she chooses, without making another request.

Finally, a word about the appellees' brief. By prior order, we noted their failure to comply with Circuit Rule 28(b) and ordered them to file an amended jurisdictional statement. Their amended statement still fails to comply with Rule 28(b), even though we instructed that they "state explicitly" whether Denwiddie's statement was complete and correct. This is not a mindless formality, as we explained while exhorting practitioners to improve in respect to jurisdictional statements:

> The job of the appellee is to review the appellant's jurisdictional statement to see if it is both complete and correct. These terms are not synonyms. A statement might be complete in the sense of covering all required topics, yet contain inaccuracies. Alternatively, everything furnished might be correct, but the statement might be missing something critical, such as the citizenship of a party, the particular statute at issue, or the dates on which the court's jurisdiction depends. If the appellant's statement is not complete, or not correct, the appellee must file a "complete jurisdictional summary." It is not enough simply to correct the misstatement or omission and "accept" the balance of the appellant's statement.

*Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017) (Wood, C.J., in chambers). Given that we identified the defect in the appellees' jurisdictional statement, their failure to correct it is puzzling.

We REVERSE the dismissal of Denwiddie's complaint and REMAND for further proceedings.