In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 13-3693

GENERAL PARKER,

*Plaintiff-Appellant,*

*v.*

SCHECK MECHANICAL CORPORATION,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13-C-722 — **James F. Holderman**, *Judge.*

———————————

SUBMITTED AUGUST 18, 2014[*] — DECIDED DECEMBER 1, 2014

———————————

Before BAUER, ROVNER, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Plaintiff General Parker, an African American, alleges that he was fired from his job because of his race and in retaliation for complaints of racial discrim-

———

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

ination. He filed suit under Title VII of the Civil Rights Act
of 1964, 42 U.S.C. § 2000e-2(a), and 42 U.S.C. § 1981. His suit
never got off the ground because the district court thought
that Parker was confused about which of two related compa-
nies—Scheck Mechanical Corporation or Scheck Industrial
Corporation—employed him. The court reasoned that Par-
ker had sued the wrong Scheck company and thus, at sum-
mary judgment, dismissed the suit. We disagree with that
analysis, so we reverse and remand for further proceedings.

I.   *Factual and Procedural Background*

In a charge of discrimination filed with the Equal Em-
ployment Opportunity Commission in 2012, Parker asserted
that "Scheck Industries" had fired him after just a few
months on the job; he alleged that his race and several com-
plaints to management about workplace discrimination had
motivated his discharge. As best we can tell, the name
"Scheck Industries" refers not to a legal entity but to a group
of   closely   held   construction   companies   including
Scheck Mechanical and Scheck Industrial.

The EEOC issued Parker a right-to-sue letter, explaining
that the agency had investigated but was unable to confirm
his allegations. The agency's letter did not suggest that
"Scheck Industries" never employed Parker or that an entity
with that name did not exist. In fact, Parker's employer ap-
parently used that name in dealing with the EEOC, since the
agency's letter to Parker was copied to "Scheck Industries."

After receiving that letter, Parker decided to sue. In draft-
ing his pro se complaint, he visited the "Scheck Industries"
website but found it unhelpful in identifying the correct de-

fendant. That website implies that "Scheck Industries" is a single company. For example, a visitor exploring "Career Opportunities" is told that "Scheck Industries has unique opportunities available where you can use your skills and make a difference for *our Company* and our Clients." See *Career Opportunities*, SCHECK INDUSTRIES, http://www.go scheck.com/contact/careers.php (last visited Dec. 1, 2014) (emphasis added). And visitors who select "Contact Us" are told that "Scheck Mechanical Corp." is the "corporate head-quarters," while "Scheck Industrial Corp." is listed as one of several "regional offices." See *Contact Us*, SCHECK INDUSTRIES, http://www.goscheck.com/contact/index.php (last visited Dec. 1, 2014).

Like Scheck's website, Parker's complaint treats the different Scheck entities interchangeably, naming the defendant sometimes as "Scheck Mechanical Corp.," sometimes as "Scheck Industrial," and sometimes as "Scheck Corporation" or simply "Scheck." For example, the caption names Scheck Industrial as the defendant, but Scheck Mechanical is listed under "Parties." Parker, who was proceeding both without an attorney and *in forma pauperis*, instructed the Mar-shals Service to serve process on David O'Sullivan, who was at the time the registered agent for both Scheck Mechanical and Scheck Industrial. The form that Parker gave the Mar-shals Service identifies the defendant as "Scheck Mechanical Corporation."

O'Sullivan was served with process, but no one filed a timely answer to Parker's complaint. After three months the clerk of the court entered a default against Scheck Mechanical. See Fed. R. Civ. P. 12(a)(1)(A)(i) and 55(b). That prompted counsel for Scheck Mechanical to ap-

pear and move to set aside the default. Counsel acknowledged receipt of service but explained that the company's liability insurer, to whom the complaint had been forwarded, failed to file an answer after misidentifying the complaint as one "to be monitored" rather than "in litigation." Counsel further asserted that Scheck Mechanical had two meritorious defenses: (1) the company never employed Parker and (2) his claims under Title VII of the Civil Rights Act of 1964 were untimely.

In support of its motion, Scheck Mechanical submitted declarations from its insurance company's agent and its own vice president of operations, Randy Peach. Peach said in his declaration that he had "verified that the plaintiff … was never employed by Scheck Mechanical Corporation, and that he had been employed by Scheck Industrial Corporation, a completely separate company." Peach also swore that his "review of the facts showed" that Parker was fired not because of his race but rather "because he had made a threatening statement."

In a minute entry, the district court vacated the default. Three weeks later, before discovery had commenced, Scheck Mechanical filed an answer and moved for summary judgment. Again the company asserted that Parker was never an employee and that his Title VII claims were untimely. These defenses rested on a new declaration from Peach that essentially repeated his earlier statements.

Parker responded that he was actually employed by Scheck Mechanical because, by all appearances, that company and Scheck Industrial are one and the same. The line between them is "blurred," he insisted, as is evident from their overlapping corporate officers and shared office space. He

noted that Peach—while saying that he worked only for Scheck Mechanical—claimed to have personal knowledge of why Parker had been fired, which implied access to Parker's employment records with Scheck Industrial. Parker also maintained that amending his complaint or serving Scheck Industrial would be redundant because he had already named Scheck Industrial in the complaint and served process on O'Sullivan, who was the registered agent for both Scheck Mechanical and Scheck Industrial. Alternatively, Parker argued, the district court should grant him leave to serve Scheck Industrial with process or to amend his complaint to clarify that Scheck Industrial is a defendant.

With respect to timeliness, Parker asserted that the district court had already ruled that his Title VII claims were not time-barred. Parker was referring to the district court's grant of *in forma pauperis* status, which came after the court had initially expressed doubt about the timeliness of those claims. Parker answered the court's concern by explaining that a clerk's office employee had said that the Title VII claims would be timely so long as he mailed his complaint to the court within 90 days of receiving the right-to-sue letter. The court then granted *in forma pauperis* status without commenting further on the timeliness issue.

In granting summary judgment for Scheck Mechanical, the district court reasoned that Parker had "confused defendant Scheck Mechanical with a separate corporate entity, Scheck Industrial." The court added that Parker had asserted but "presented no basis to pierce any identified corporate veil." The court's brief order did not mention Parker's requests to serve Scheck Industrial or to amend his complaint.

II.  *Analysis*

   A.  *Vacating the Entry of Default*

On appeal Parker argues first that the district court abused its discretion by vacating the default entered against Scheck Mechanical. We analyze the court's order under Federal Rule of Civil Procedure 55(c), as opposed to Rule 60(b), because Scheck Mechanical filed its motion before the court entered a final default judgment awarding damages. See *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). An entry of default may be set aside before entry of judgment upon showing good cause for the defendant's inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit. *Sun v. Board of Trustees of the University of Illinois*, 473 F.3d 799, 809–10 (7th Cir. 2007). When we say the defendant must show a "meritorious defense" to the lawsuit, we mean more than bare legal conclusions, e.g., *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982), but less than a definitive showing that the defense will prevail. See, e.g., *Cracco*, 559 F.3d at 631 (affirming discretionary decision to vacate default where defendant explained nature of defense and provided the factual basis for it).

Scheck Mechanical showed good cause through declarations establishing that its failure to file a timely answer was not willful but the result of a mistake in processing the documents with its insurer. See *id.* The company acted quickly when it learned of the default, moving to set it aside just five days later. And the company made clear that, if it is a proper defendant, the evidence would establish that Parker was fired for a legitimate, non-discriminatory reason. Given the "lenient standard" for applying Rule 55(c) and the "policy of

favoring trial on the merits over default judgment," *Cracco*, 559 F.3d at 631, the district court acted well within its discretion when it set aside the default.

B.  *Summary Judgment on Identity of Employer*

Parker next argues that the district court erred by granting summary judgment, and on this issue we agree with him. As an initial matter, we reject Scheck Mechanical's position, adopted by the district court, that Parker sued only Scheck Mechanical. The complaint includes multiple references to Scheck Industrial. Most significant, the complaint lists Scheck Industrial as a defendant in the caption, giving rise to the presumption that he made the company a party to the litigation. See *Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005) (to make someone a party-defendant, a plaintiff must identify him in the caption and arrange for service of process). Scheck Mechanical has not explained why it thought it was being sued if Parker worked for the other, "completely separate company" named in his complaint. As best we can tell, a "Scheck Industries" lawyer declared that Parker was suing only Scheck Mechanical. But that reading of Parker's pro se complaint is both strained and unreasonable.

Scheck Mechanical and Scheck Industrial shared the same registered agent, and there is no indication in the record that service of process on the latter was defective. See *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301–02 (7th Cir. 1991); *Tremps v. Ascot Oils, Inc.*, 561 F.2d 41, 43–44 (7th Cir. 1977). True, the form Parker gave to the Marshals Service identified only Scheck Mechanical as a defend-

ant, but that form is only a "control document" designed by the Marshals Service. It is distinct from both the complaint and the summons. See *Process Receipt and Return*, U.S. MARSHALS SERVICE, http://www.usmarshals.gov/process/ usm285.htm (last visited Dec. 1, 2014).

Even if there had been an issue with service, the appropriate remedy would have been to give Parker more time to cure any mistake. Service of process usually must be completed within 120 days, Fed. R. Civ. P. 4(m), but that period must be extended on a showing of good cause, and may be extended even without a showing of good cause. *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008); *United States v. McLaughlin*, 470 F.3d 698, 700–01 (7th Cir. 2006). Parker demonstrated good cause by explaining his belief that the various Scheck entities were one and the same, headquartered—as their website says—at the address of Scheck Mechanical. Parker's belief was not unreasonable. And even the EEOC apparently was led to believe that "Scheck Industries" was Parker's employer.

For completeness, we add that even if doubt remained whether Scheck Industrial was already a defendant, the district court would have abused its discretion by not allowing Parker to amend his complaint to add Scheck Industrial. Scheck Mechanical maintains that Parker never properly asked to amend because he never filed a separate motion requesting leave to amend and never submitted a proposed amended complaint. But Federal Rule of Civil Procedure 15(a), which governs pretrial amendments, does not require a stand-alone motion. See *Aetna Casualty & Surety Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005); *Elliott v. Foufas*, 867 F.2d 877, 883 (5th Cir. 1989).

We have often held that a district court may deny leave to amend when the plaintiff does not submit a proposed amended complaint, at least where the substance of the proposed amendment is not clear. See *Arlin-Golf, LLC v. Village of Arlington Heights,* 631 F.3d 818, 822–23 (7th Cir. 2011); *Hecker v. Deere & Co.*, 556 F.3d 575, 590–91 (7th Cir. 2009). A court need not decide in the abstract whether a proposed amendment would be sufficient or futile. In this case, however, the district court did not reject Parker's request on that basis, and we do not see how a proposed amended complaint would have been needed to evaluate this particular request for leave to amend. The nature of the amendment was obvious: to include Scheck Industrial as a defendant and to retain Scheck Mechanical. A request for leave to amend "may be acceptable so long as it puts the opposing party on notice of the content of the amendment," *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993), and there is no question that Scheck Mechanical had notice of the content of the amendment.

Moreover, an amendment adding Scheck Industrial as a defendant would relate back to the date of Parker's original filing. It is difficult to imagine that Scheck Industrial did not realize that Parker meant to sue his employer—whichever company that was—and Scheck Industrial would not be prejudiced by the proposed amendment. See *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548–50 (2010); *Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 559–61 (7th Cir. 2011); *Peterson v. Sealed Air Corp.*, 902 F.2d 1232, 1236–37 (7th Cir. 1990).

What remains is Scheck Mechanical's contention that it was entitled to summary judgment because it never em-

ployed Parker. We disagree, at least on the present summary judgment record. First, it may not matter which company employed Parker if, as Parker asserts, the line between the different Scheck companies is blurred. A defendant may be liable under Title VII if, by ignoring corporate formalities, its actions cannot be separated from an affiliate that employed the plaintiff. See *Worth v. Tyer*, 276 F.3d 249, 259–60 (7th Cir. 2001); *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 941 (7th Cir. 1999). Parker does not have overwhelming evidentiary support for the proposition that the line between the two companies is blurred. Scheck Mechanical moved for summary judgment before he had conducted discovery. But he does have some evidence, including the representation on Scheck Industries' own website that the various Scheck entities are all one company with one "corporate headquarters." See *Contact Us*, Scheck Industries, http://www.goscheck.com/contact/index.php (last visited Dec. 1, 2014). Also, the purported lack of an employment relationship might not matter for Parker's claims under 42 U.S.C. § 1981. In some circumstances, a third party may be liable for interfering with a person's equal opportunity to make and enforce contracts. See *Shaikh v. City of Chicago*, 341 F.3d 627, 630–31 (7th Cir. 2003); see also *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350–51 (4th Cir. 2013); *Harris v. Allstate Ins. Co.*, 300 F.3d 1183, 1197 (10th Cir. 2002).

More fundamental, though, the evidence that Scheck Mechanical submitted to support its motion for summary judgment did not meet "the initial burden of proving there is no material question of fact with respect to an essential element of the non-moving party's case." See *MMG Financial Corp. v. Midwest Amusements Park, LLC*, 630 F.3d 651, 657 (7th Cir. 2011).

The declaration from Peach, Scheck Mechanical's vice president of operations, also undermines the company's claim that Scheck Mechanical and Scheck Industrial "are two separate and distinct legal entities." Peach averred that Scheck Mechanical "has no involvement in the internal operations of Scheck Industrial." As Parker points out, however, Peach's assertion that the two companies' operations are wholly separate is difficult to reconcile with his earlier declaration that his "review of the facts showed [that] Mr. Parker was terminated by Scheck *Industrial* … because he had made a threatening statement." Peach has not explained how he had personal knowledge of any details of Parker's discharge or, indeed, how he knew that Parker was employed by Scheck Industrial at all.

Remember that Peach's affidavit asserted direct personal knowledge of the facts; otherwise he could not offer admissible evidence. See Fed. R. Civ. P. 56(c)(4); *Johnson v. Holder*, 700 F.3d 979, 982 (7th Cir. 2012); *Luster v. Illinois Dep't of Corrs.*, 652 F.3d 726, 731 & n.2 (7th Cir. 2011). At the same time, Peach also asserted that he is employed by Scheck Mechanical, not Scheck Industrial. His apparent access to Scheck Industrial's records requires at least some explanation in light of his assertion that there is no unity of interest between these two Scheck entities.

Finally, we touch briefly on the timeliness of the Title VII claims. If, as Parker maintains, the clerk's office gave him inaccurate information about the non-jurisdictional statute of limitations, he would have an argument for equitable tolling, which "is properly invoked in any case in which the court has led the plaintiff to believe that she had done everything required of her … or has misled a party regarding the steps

that the party needs to take to preserve a claim." *Prince v. Stewart*, 580 F.3d 571, 575 (7th Cir. 2009) (quotation marks and citations omitted); cf. *Bowles v. Russell*, 551 U.S. 205 (2007) (holding that district court's mistaken advice about jurisdictional deadline for filing notice of appeal did not excuse appellant's failure to meet deadline). But we need not decide whether these claims were timely because Scheck Mechanical has not raised this affirmative defense in this appeal.

Accordingly, the judgment is REVERSED, and the case is REMANDED for further proceedings. On remand the district court should revise the docket to add Scheck Industrial as a second defendant and direct that company to file an answer to Parker's complaint without further delay.