In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-1799

QUINCY BIOSCIENCE, LLC,

*Plaintiff-Appellee,*

*v.*

ELLISHBOOKS, et al.,

*Defendants-Appellants.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cv-08292 — **Sharon Johnson Coleman**, *Judge.*

ARGUED FEBRUARY 19, 2020 — DECIDED APRIL 24, 2020

Before WOOD, *Chief Judge*, and FLAUM and RIPPLE, *Circuit Judges*.

RIPPLE, *Circuit Judge*. Quincy Bioscience, LLC ("Quincy") filed this civil action against Ellishbooks, related individuals, and entities (collectively "Ellishbooks") alleging claims for trademark infringement, false advertising, dilution, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125, as well as claims under Illinois statutory and common law. The operative complaint alleged that Ellishbooks en-

gaged in the unauthorized and unlawful sale of Quincy's products bearing the Prevagen® trademark. Ellishbooks did not file a responsive pleading to the complaint. After entry of a default judgment, the district court awarded damages and permanent injunctive relief to Quincy.

Ellishbooks now challenges the district court's judgment on several grounds. These arguments have been waived and, in any event, are meritless. We therefore affirm the judgment of the district court.

## I.

## BACKGROUND

Quincy develops, markets, and sells dietary supplements, which its customers use for the support of cognitive function.[1] It packages its Prevagen® product "in a single facing box, which contains a bottle of dietary supplements sealed with a plastic safety overwrap and a product information sheet. Both the box and the sheet contain valuable information regarding the product which is not present on the bottle label … ."[2] Prevagen® is marketed and sold through brick-and-mortar stores and on Internet websites. Quincy registered its Prevagen® trademark in 2007 and has used it continually since that time.

---

[1] The facts are those alleged in Quincy's first amended complaint because, "[u]pon default, the well-pled allegations of the complaint relating to liability are taken as true." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

[2] R.10 ¶15.

Ellishbooks, which was not authorized to sell Prevagen® products, sold dietary supplements identified as Prevagen® on Amazon.com. These products included items that (1) were in altered or damaged packaging that lacked the product information sheets found in Prevagen® products sold by authorized sellers; (2) lacked the appropriate purchase codes or other markings that identify the appropriately authorized retail seller of the product; and (3) contained Radio Frequency Identification tags and security tags from retail pharmacy stores. Ellishbooks "knew or had reason to know that at least some of the PREVAGEN® products [it] sold were at one time stolen from retail outlets across the country."[3]

Quincy brought this action against Ellishbooks, alleging violations of the Lanham Act and violations of Illinois statutory and common law.[4] It sought preliminary and permanent injunctive relief to prevent Ellishbooks from using the Prevagen® mark, from using any symbol or mark calculated to represent the Prevagen® mark, and from falsely representing that it was associated with Quincy. It also requested an accounting of any profits Ellishbooks had derived from

---

[3] *Id*. ¶ 30.

[4] Specifically, Count I alleged trademark infringement under 15 U.S.C. § 1114; Count II alleged false designation of origin and unfair competition under 15 U.S.C. § 1125(a)(1)(A); Count III alleged false advertising under 15 U.S.C. § 1125(a)(1)(B); Count IV alleged dilution under 15 U.S.C. §1125(c); Count V alleged dilution under the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/65; Count VI alleged unfair competition under Illinois common law; Count VII alleged violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2; and Count VIII alleged unjust enrichment. *See generally* R.10.

Prevagen® products. Finally, it sought damages, lost profits, statutory damages, treble damages, and attorneys' fees.

Ellishbooks did not answer the complaint, and, consequently, Quincy filed a motion for entry of default.[5] The district court granted Quincy's motion. Quincy then moved for entry of default judgment.[6] Ellishbooks opposed the motion on two grounds: (1) that it had not been served properly with the summons and complaint;[7] and (2) that it listed and sold on Amazon.com goods that were "different and distinct from those produced and sold by [Quincy]."[8] With respect to the second ground, Ellishbooks stated that its "products [we]re not listed or identified as Prevagen, as alleged by [Quincy], but [we]re instead listed and sold under a different name and with different packaging."[9]

The district court granted the motion for a default judgment. It detailed the myriad ways Quincy had attempted to effectuate personal service, observed that Ellishbooks "deliberately [had] obfuscated their place of business and

---

[5] *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

[6] *See* Fed. R. Civ. P. 55(b)(2) (setting forth the requirements for entry of a default judgment by a court).

[7] *See* R.23 at 2.

[8] *Id.* at 11.

[9] *Id.*

sought to evade service," and noted that, having failed in other efforts, "Quincy mailed service to Elishbook Corporation's registered agent at the listed address in accordance with New Jersey law."[10] The district court therefore concluded that Quincy had effected "legally adequate service," and the court had personal jurisdiction over the defendants.[11]

The district court noted that Ellishbooks also had requested that the default be vacated on substantive grounds. The court explained that, "[i]n order to have a default vacated, a party must establish good cause for their default, quick action to correct it, and a meritorious defense to the plaintiff's complaint."[12] Apart from its allegations about lack of service, however, Ellishbooks had "identified no circumstances capable of establishing good cause for [its] default."[13] Consequently, the district court concluded that Ellishbooks had "failed to establish that the default against [it] should be vacated."[14] After entering a default judgment in favor of Quincy, the district court scheduled a prove-up hearing to determine the amount of damages to be awarded.

Quincy filed a motion for leave to take pre-hearing discovery with respect to damages. On the same day, Ellish-

---

[10] R.28 at 3.

[11] *See id.* at 3–4.

[12] *Id.* at 4 (citing *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014)).

[13] *Id.*

[14] *Id.*

books's counsel filed a motion to withdraw. The district court granted both motions and ordered Rachel Steinharter, the registered agent for Ellishbooks, to be present at the next hearing. Ms. Steinharter did not appear at the hearing, nor did she appear for the rescheduled hearing.

Ellishbooks retained new counsel, Robert DeWitty, who represented Ellishbooks at the prove-up hearing. Prior to the prove-up hearing, Quincy had subpoenaed and submitted to the court documents from Amazon.com establishing that Ellishbooks had "received $480,968.13 in sales from products sold as Prevagen® brand products."[15] At the prove-up hearing, Mr. DeWitty offered *argument* against the award of some damages, but he failed to counter any of Quincy's *evidence.* The district court consequently entered judgment in favor of Quincy in the amount of $480,968.13, plus costs. The court's order, however, did not address Quincy's request for a permanent injunction. Consequently, Quincy moved to amend the judgment under Federal Rule of Civil Procedure 59 to include injunctive relief. The court held a hearing on the motion, but counsel for Ellishbooks did not appear. The court then granted Quincy's motion to amend, and it "permanently enjoined [Ellishbooks] from (1) infringing upon Plaintiff's PREVAGEN® trademark; and (2) selling stolen

---

[15] R.63 at 3.

products bearing the PREVAGEN® trademark.[16] Ellishbooks timely appealed.[17]

## II.

## DISCUSSION

Ellishbooks now raises three challenges to the district court's judgment.[18] First, it asserts that the district court failed to make "factual findings on decisive issues" as required by Federal Rule of Civil Procedure 52(a).[19] Second, it maintains that the district court clearly erred in holding that it (Ellishbooks) knew or had reason to know that a portion of the Prevagen® products were stolen. Finally, it submits that the district court erred in entering a permanent injunction when Quincy had not established that Ellishbooks knew that a portion of the Prevagen® products were stolen.

## A.

Ellishbooks's contentions require limited discussion. First, it is not clear which order Ellishbooks believes falls

---

[16] R.69 at 2.

[17] Following the filing of the notice of appeal, we ordered a limited remand for the parties to seek an injunction that complies with Federal Rule of Civil Procedure 65(d)(1)(C), which requires every order granting an injunction to describe the acts being restrained in reasonable detail. *See* App. R.2. A new final judgment was entered on August 1, 2019, following a hearing at which Ellishbooks again failed to appear.

[18] The district court had jurisdiction over this action under 28 U.S.C. §§ 1331, 1338. Our jurisdiction is secure under 28 U.S.C. § 1291.

[19] Appellants' Br. 8.

short of the procedural mark. Federal Rule of Civil Procedure 52(a) did not govern the district court's ruling on the motion for a default judgment. Rule 52(a) only applies to actions that are tried on the facts without a jury or with an advisory jury; it does not apply when a court rules on "any other motion." Fed. R. Civ. P. 52(a). If Ellishbooks's argument relates to the district court's order awarding damages, it misses the mark. Whether Quincy was entitled to damages under the Lanham Act did not depend on whether the Prevagen® products were stolen; consequently, there was no reason for the court to make such findings in support of its award.[20]

At bottom, Ellishbooks seems to contend that the district court failed to make sufficient findings of fact to support its order enjoining Ellishbooks from selling stolen Prevagen® products. It maintains that, given the "inconclusive" representations from Quincy's counsel as to the origin of the Prevagen® products Ellishbooks sold, "a factual finding was necessary for establishing the elements of receipt of stolen goods under Illinois law."[21] We cannot accept this characterization of the proceedings or the conclusion Ellishbooks reaches.

---

[20] *See* Appellee's Br. 11 (noting that, "[w]hile Ellishbooks indirectly raised the stolen products issue at the March 12, 2019 prove-up hearing in defense against Quincy's claim for increased damages, it did not challenge liability for unjust enrichment from sales of such goods" (citation omitted)).

[21] Appellants' Br. 9.

Here, the district court granted Quincy's motion for default. "Upon default, the well-pled allegations of the complaint relating to liability are taken as true … ." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). The complaint alleges that, "[u]pon information and belief, Defendants knew or had reason to know that at least some of the PREVAGEN® products Defendants have sold were at one time stolen from retail outlets across the country."[22] By reason of the default, this allegation was established: the defendants sold Prevagen® products that they knew or had reason to know were stolen. Indeed, the district court's order granting Quincy's Rule 59 motion affirmatively states that this fact "has been found."[23] It repeated this finding in a subsequent order.[24]

Far from throwing this fact into doubt, the exchange between the court and counsel during the prove-up hearing confirms that there is no evidence contrary to this (established) allegation, and consequently no further comment by the district court was required. During the prove-up hear-

---

[22] R.10 ¶ 30.

[23] "[I]t has been found that Defendants Ellishbooks and Elishbooks Corporation have committed trademark infringement and false advertising in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)(1)(A), with respect to Plaintiff's PREVAGEN® trademark. Defendants knew or had reason to know that at least some of the products bearing Plaintiff's PREVAGEN® trademark were stolen and that sales of these products injured Plaintiff and unjustly enriched Defendants." R.69 at 1.

[24] R.82 at 1–2.

ing,[25] Quincy explained that it had sought receipts from El-lishbooks to establish the origin of the Prevagen® products that Ellishbooks resold; Ellishbooks, however, could produce receipts accounting for only twenty percent of those products.[26] In response to defense counsel's argument that Quincy had not established the origin of the other eighty percent of the products, the court asked defense counsel if that was "because your client stonewalled?"[27] When counsel responded that Ellishbooks had "respond[ed] to several of their discovery issues," the court made it clear that "[s]everal is not good enough in court. … You can't just pick and

---

[25] "Although upon default, the well-pleaded allegations of a complaint relating to liability are taken as true, allegations in a complaint relating to the amount of damages suffered ordinarily are not." *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1989) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Federal Rule of Civil Procedure 55(b)(2) provides that "[t]he court may conduct hearings … when, to enter or effectuate judgment, it needs to: … (B) determine the amount of damages … ." "A judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *DiMucci*, 879 F.2d at 1497. Here, there were no specific allegations in the complaint regarding the amount of damages, and, consequently, the district court scheduled a prove-up hearing. We express no opinion on whether, in light of the affidavit and documentary evidence supplied by Quincy prior to the hearing, *see supra* note 15 and accompanying text, such a hearing was necessary.

[26] *See* R.88 at 15.

[27] *Id*. at 18.

choose and say, oh, I will give you a few things here."[28] Defense counsel acknowledged the truth of this statement, and the court concluded, "And that's what happened here."[29] Ellishbooks came forward with no evidence to challenge the fact, established by way of default, that it knew or had reason to know that some of the Prevagen® products it sold were stolen. Indeed, the fact that it could not account for the origin of eighty percent of the Prevagen® products it sold provides an additional basis for the district court's conclusion.

By reason of Ellishbooks's default, it was established that Ellishbooks knew or had reason to know that some of the Prevagen® products it resold were stolen. The district court was entitled to rely on that fact in issuing its injunction.

**B**.

Ellishbooks also maintains that the district court clearly erred in holding that it knew or had reason to know some of the Prevagen® products it sold were stolen. As we already have explained, however, this fact was alleged in Quincy's first amended complaint[30] and established by Ellishbooks's default. Although Ellishbooks opposed Quincy's motion for entry of a default judgment, it did not do so on the ground it

---

[28] *Id*. at 18–19.

[29] *Id*. at 19.

[30] R.10 ¶ 30.

now asserts.[31] It also failed to raise this argument in response to Quincy's Rule 59 motion, which explicitly requested that the court enjoin Ellishbooks from "selling stolen products bearing the Prevagen® trademark";[32] indeed, Ellishbooks failed to file *any* response to the Rule 59 motion. Having failed to present this argument to the district court, Ellishbooks has waived it for purposes of appeal. *See, e.g., Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 841 (7th Cir. 2010) ("[A] party has waived the ability to make a specific argument for the first time on appeal when the party failed to present that specific argument to the district court.").

## C.

Finally, Ellishbooks contends that the district court erred in permanently enjoining it from selling stolen Prevagen® products because Quincy had not established that it ever sold stolen products. Again, however, the fact that the products were stolen was alleged in the complaint and established by the default. Ellishbooks had numerous opportunities to contest this fact, to counter this evidence, and to argue that it should not form the basis of injunctive relief. Because Ellishbooks failed to present this argument before the district court, this argument also is waived for purposes of this appeal.

---

[31] Ellishbooks argued only that it had not been properly served and that it "list[ed] and s[old] products on Amazon that [we]re different and distinct from those produced and sold by [Quincy]." R.23 at 2, 11; *see also supra* p.5.

[32] R.66 ¶14.

**Conclusion**

For the reasons set forth in this opinion, the judgment of the district court is affirmed.

AFFIRMED