In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1799

QUINCY BIOSCIENCE, LLC,

*Plaintiff-Appellee,*

*v.*

ELLISHBOOKS, et al.,

*Defendants-Appellants.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cv-08292 — **Sharon Johnson Coleman**, *Judge.*

DECIDED JUNE 5, 2020

Before WOOD, *Chief Judge*, and FLAUM and RIPPLE, *Circuit Judges*.

PER CURIAM. On April 24, 2020, we issued an opinion affirming the judgment in favor of the appellee, Quincy Bioscience, LLC ("Quincy"). *See Quincy Bioscience, LLC v. Ellishbooks*, 957 F.3d 725, 726 (7th Cir. 2020). Quincy now seeks an award of sanctions under Federal Rule of Appellate Procedure 38. For the reasons stated below, the motion is granted.

Quincy brought this action against Ellishbooks and relat-ed individuals and entities (collectively "Ellishbooks"), al-leging violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125, and various state laws. Specifically, Quincy alleged that El-lishbooks engaged in the unauthorized and unlawful sale of Quincy's dietary supplements bearing the Prevagen® trademark, some of which had been stolen from retail out-lets. Ellishbooks did not respond to the complaint, and the district court entered a default.

Quincy then moved for entry of default judgment. El-lishbooks opposed the motion on two grounds: (1) that it had not been served properly with the summons and com-plaint; and (2) that the products it had sold were distinct from those sold by Quincy. The district court rejected these arguments. It detailed the many ways in which Quincy had attempted to effectuate personal service, and observed that Ellishbooks had "deliberately … sought to evade service."[1] The district court concluded that service on Ellishbooks's registered agent was legally adequate and that it had per-sonal jurisdiction over Ellishbooks. The court further ob-served that Ellishbooks had neither established good cause for its default nor identified a potentially meritorious de-fense. Accordingly, the district court entered a default judg-ment in favor of Quincy.

The district court then scheduled a prove-up hearing to determine the amount of Quincy's damages. Ellishbooks re-tained new counsel to represent it at the prove-up hearing. Before the hearing, Quincy submitted documents establish-ing that Ellishbooks had received $480,968.13 from selling

---

[1] R.28 at 3.

Prevagen® brand products. At the prove-up hearing, Ellish-books's counsel argued against the award of damages, but did not counter Quincy's evidence. The district court ulti-mately awarded Quincy $480,968.13 plus costs. The court's order did not address Quincy's request for a permanent in-junction, however, and Quincy moved to amend the judg-ment to include injunctive relief. The court held a hearing on the motion, but counsel for Ellishbooks did not appear. The court granted Quincy's motion and permanently enjoined Ellishbooks from infringing on Quincy's trademark and sell-ing stolen products bearing the Prevagen® mark.

On appeal, Ellishbooks challenged the district court's judgment on several grounds. Ellishbooks argued that the district court failed to make "factual findings on decisive is-sues" as required by Federal Rule of Civil Procedure 52(a).[2] It further argued that the district court clearly erred in find-ing that Ellishbooks knew or had reason to know that some portion of the Prevagen® products it sold were stolen. Final-ly, it relatedly argued that the district court erred in entering a permanent injunction without requiring Quincy to estab-lish that Ellishbooks knew that some of the Prevagen® products were stolen.

We concluded that Ellishbooks's arguments "have been waived and, in any event, are meritless," and "require lim-ited discussion." *Quincy Bioscience, LLC*, 957 F.3d at 726, 729. Because of the default, the well-pleaded allegations of the complaint relating to liability were taken as true, including Quincy's allegation that Ellishbooks had reason to know that the Prevagen® products it sold had been stolen from retail

---

[2] Appellants' Br. 5.

outlets. We deemed Ellishbooks's remaining two arguments to be waived because they had not been made in the district court. We therefore affirmed the district court's judgment in all respects.

In its motion for sanctions, Quincy now submits that such an award is warranted because Ellishbooks's appellate arguments were destined to fail. Rule 38 permits the court to award "just damages and single or double costs to the appellee" when an appellant files a frivolous appeal. Fed. R. App. 38. "An appeal is frivolous if the appellant's claims are cursory, totally undeveloped, or reassert a previously rejected version of the facts." *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 791 (7th Cir. 2019). "An appeal is also frivolous if it presents arguments that are so insubstantial that they are guaranteed to lose." *Id.* Even when an appeal is frivolous, whether to impose sanctions under Rule 38 is a discretionary determination. *Dolin v. GlaxoSmithKline LLC*, 951 F.3d 882, 888 (7th Cir. 2020) ("When an appeal is frivolous, Rule 38 sanctions are not mandatory but are left to the sound discretion of the court of appeals to decide whether sanctions are appropriate." (quoting *Harris N.A. v. Hershey*, 711 F.3d 794, 802 (7th Cir. 2013))).

Ellishbooks, represented by new counsel, filed a response to Quincy's motion. It suggests that attorneys' fees are not authorized by Rule 38. This position is incorrect. *See, e.g., Jaworski v. Master Hand Contractors, Inc.*, 882 F.3d 686, 692 (7th Cir. 2018) (ordering appellant to pay appellees' costs and attorneys' fees incurred in the appeal under Rule 38); *Cooney v. Casady*, 735 F.3d 514, 524 (7th Cir. 2013) (ordering appellant to show cause why it should not be required "under Rule 38 of the Federal Rules of Appellate Procedure to pay the de-

fendants' costs and reasonable attorneys' fees on appeal"). Ellishbooks appears to confuse the issue of sanctions under Rule 38 with taxable costs under Federal Rule of Appellate Procedure 39 and 28 U.S.C. § 1920, which is a separate matter. Ellishbooks also submits that it has not acted in bad faith at any point during this litigation. It states that its lead counsel "has been admitted to practice in the District of Columbia for a substantial period of time, but the nature of his principally intellectual property and patent prosecution practice has caused him never to have previously prosecuted or defended any appeal in any United States Court of Appeals prior to the instant appeal."[3]

An award of sanctions is warranted in this case. Ellishbooks's appellate arguments had virtually no likelihood of success. Well-settled principles governing the effect of a default and waiver of arguments not raised in the district court were controlling. *See, e.g., H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 630 (7th Cir. 2020) (concluding that Rule 38 sanctions were warranted because the appeal lacked "a reasonable and good-faith basis"); *Weinhaus v. Cohen*, 773 F. App'x 314, 317 (7th Cir. 2019), *cert. denied sub nom. Weinhaus v. Illinois*, 140 S. Ct. 1116 (2020) (granting motion for sanctions where appellant's arguments "ignore[d] our case law and the arguments raised by the [appellees]").

Ellishbooks's conduct during the course of the appeal is also relevant. Early in the case, we ordered Ellishbooks to file a complete jurisdictional statement, but counsel failed to respond, requiring the court to issue a show cause order. This issue was ultimately resolved, but then counsel filed a

---

[3] Resp. to Mot. for Sanctions 5.

confusing motion to dismiss, suggesting that the parties' dispute was "moot." We directed counsel to file a supplement to the motion clarifying whether Ellishbooks was moving for voluntary dismissal of the appeal under Federal Rule of Appellate Procedure 42(b), but counsel again did not respond. Ellishbooks also failed to submit a timely brief, requiring the court to issue another show cause order. A brief was later filed with several significant deficiencies, including the lack of both the certification required by Seventh Circuit Rule 30(d) and a table of contents. Ellishbooks ultimately submitted a brief that was accepted for filing, but the argument section was a mere five pages long, and as we have noted previously, consisted of meritless contentions. Ellishbooks did not submit a reply brief addressing Quincy's arguments, and counsel later sought to delay oral argument—a request that the we denied.

These shortcomings cannot be attributed entirely to counsel's lack of experience in litigating federal appeals. A review of the dockets of this court and of the district court suggests that Ellishbooks has attempted to draw out the proceedings as long as possible while knowing that it had no viable substantive defense. *See In re Lisse*, 921 F.3d 629, 644 (7th Cir. 2019) ("Sanctions are warranted under Rule 38 when a litigant or attorney presents appellate arguments with no reasonable expectation of success for the purposes of delay, harassment, or sheer obstinacy." (quoting *In re Nora*, 778 F.3d 662, 665 (7th Cir. 2015))).

For these reasons, Quincy's motion for sanctions is GRANTED. Within fourteen days of this opinion, Quincy shall submit a statement of its costs and fees incurred in this

appeal. Ellishbooks shall have fourteen days thereafter to raise any objections to the amounts claimed.