In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 19-1799

QUINCY BIOSCIENCE, LLC,

*Plaintiff-Appellee,*

*v.*

ELLISHBOOKS, et al.,

*Defendants-Appellants.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cv-08292 — **Sharon Johnson Coleman**, *Judge*.

_____

DECIDED JULY 22, 2020

_____

Before FLAUM, RIPPLE, and WOOD, *Circuit Judges.*

PER CURIAM. After our decision on the merits, *Quincy Bioscience, LLC v. Ellishbooks*, 957 F.3d 725 (7th Cir. 2020), we later granted Quincy Bioscience, LLC's ("Quincy") motion for sanctions. The order directed Quincy to submit a statement of its costs and fees incurred in the case within fourteen days and gave the appellants (collectively "Ellishbooks") fourteen days to raise any objections. Quincy has submitted its statement and requests $50,059.50 in attorneys' fees. Ellishbooks

has responded in opposition and also seeks confirmation that sanctions were not imposed against its attorney, Robert DeWitty. Quincy sought, and was granted, leave to file a sur-reply to counter Ellishbooks's assertion that the sanctions were imposed only against Ellishbooks, and not its counsel.

The underlying facts are fully set forth in our merits opinion, *see Quincy Bioscience, LLC*, 757 F.3d at 726–28, and we therefore only briefly summarize them here. Quincy filed suit against Ellishbooks alleging that it violated the Lanham Act, 15 U.S.C. §§ 1114, 1125, and various state laws when it engaged in the unauthorized and unlawful sale of Quincy's dietary supplements bearing the Prevagen® trademark. Quincy successfully sought a default judgment, and, after a prove-up hearing the district court awarded Quincy $480,968.13 plus costs. The court also permanently enjoined Ellishbooks from infringing upon Quincy's trademark and selling stolen products bearing the Prevagen® mark. We affirmed, concluding that Ellishbooks's arguments on appeal were meritless. Quincy then moved for sanctions under Federal Rule of Appellate Procedure 38. We granted the motion because Ellishbooks's arguments "had virtually no likelihood of success" on appeal and because it appeared that Ellishbooks had attempted to draw out the proceedings for as long as possible. *Quincy Bioscience, LLC v. Ellishbooks*, 961 F.3d 938, 941 (7th Cir. 2020) (per curiam).

Quincy submitted a timely statement seeking a total of $50,059.50 in attorneys' fees for the time that attorneys Jonathan J. Krit and Sanjay S. Karnik had spent litigating the appeal. Ellishbooks filed a timely response, objecting to time spent on mediation and the request for sanctions, time du-

plicated by the two attorneys, and time spent performing legal research for specific rules. Ellishbooks also sought confirmation that the attorneys' fees were imposed against the appellants and not their attorney, Robert W. DeWitty, or his law firm. Quincy then moved to file a sur-reply addressing the scope of the sanctions award, and we granted the motion.

We first address the scope of the sanctions award. Ellishbooks argues that because the court's opinion never referred to Mr. DeWitty nor explicitly awarded sanctions against him or his law firm, the sanctions award should be limited to Ellishbooks. We cannot accept this argument. We granted Quincy's motion for sanctions, and in that motion Quincy repeatedly requested that the court award sanctions against the appellants *and* their counsel. Further, the opinion cited actions by counsel as support for granting the motion. The sanctions were awarded against both Ellishbooks and Mr. DeWitty.

Next Ellishbooks argues that the court should not award attorneys' fees for time "directed to efforts occurring outside the appeal brief or oral proceeding before this Court."[1] We have indicated that fees awarded as a sanction should be limited to the time spent defending the appeal and should not include time spent after the litigant has won in this court. *See, e.g.*, *Wachovia Sec., LLC v. Loop Corp.*, 726 F.3d 899, 910 (7th Cir. 2013) (awarding fees "expended in defense of" appeal); *Blockley v. Work Ctr., Inc.*, No. 99-1421, 2000 WL 973625, at *2 (7th Cir. July 11, 2000) (unpublished) (describing "just damages" as "the reasonable attorneys' fees … in-

---

[1] App. R. 63 at 2.

curred in defending the appeal" (internal quotation marks omitted)). The Supreme Court similarly has described Rule 38 as giving appellate courts authority to award "expenses" that are "caused by a frivolous appeal." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990). And the Ninth Circuit has explicitly held that a sanction award should not encompass fees spent preparing the motion for sanctions. *See Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 631 (9th Cir. 2017).

Ellishbooks argues that fees for time spent in four categories of work should be excluded: mediation proceedings, sanctions proceedings, researching specific rules, and communications with Counsel Press.[2] We believe that Quincy's fees should be limited to work defending the appeal. We issued our opinion resolving the appeal on April 24, 2020; we therefore will exclude attorneys' fees requested for time on or after April 24, 2020. Subtracting these entries from each attorney's requested time results in a total reduction of $5730.00 ($3120.00 from Mr. Krit's entries and $2610.00 from Mr. Karnik's entries).

Ellishbooks also argues that some of counsel's time entries are duplicative of each other, but the entries it identifies do not appear unnecessary. For example, both attorneys reviewed the notice of appeal and a court order; both attorneys

---

[2] In support of its arguments, Ellishbooks cites only a bankruptcy decision, *In re Thompson*, 520 B.R. 713 (Bankr. E.D. Wis. 2014), in which the court declined to award attorneys' fees under 28 U.S.C. § 1927 because the creditor had not "unreasonably and vexatiously multipl[ied] the proceedings by [its] conduct in this case," including participating in a failed mediation. *Thompson* has no application here.

took part in drafting and filing two status reports; and both attorneys either reviewed or responded to email from opposing counsel. It is not clear that counsel's work was duplicative. These entries will not be excluded.

Ellishbooks also submits that the court should exercise its discretion and limit its liability to a much smaller amount than the requested fees because it is a "very small entity," with "essentially no assets."[3] But as Quincy points out, Ellishbooks provides no support for its claim of insolvency. There is no basis for a reduction of an award on this basis.

It is therefore ordered that sanctions are awarded against both the appellants and Mr. DeWitty in the amount of $44,329.50.

---

[3] App. R. 63 at 4.