NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2021[*]
Decided March 16, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

Nos. 20-2987 & 20-2988

| | |
|---|---|
| BARRY SMITH, SR., | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Eastern |
| | District of Wisconsin. |
| | |
| *v.* | Nos. 19-cv-671-pp & 19-cv-1001-pp |
| | |
| UNITED STATES CONGRESS and | Pamela Pepper, |
| WISCONSIN LEGISLATURE, | *Chief Judge*. |
| *Defendants-Appellees*. | |

**O R D E R**

Barry Smith, a convicted felon who has completed his sentence, has sued the United States Congress and Wisconsin's legislature in an effort to overturn federal and state laws that restrict him from possessing firearms and holding elected office. The district court dismissed the suit. We affirm because Congress and the Wisconsin Legislature are not proper defendants, and, in any case, Smith's claims are meritless.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

The two cases in this consolidated appeal are the sixth and seventh in Smith's quest to challenge his inability to own a gun or run for office. Smith was sentenced in 1990 to one year in prison and four years of supervised release after a jury found him guilty of threatening to kill a federal judge. Although Smith has served his sentence, he is subject to ongoing restrictions: Because of Smith's felony record, both federal law and Wisconsin law prohibit him from possessing a firearm. 18 U.S.C. § 922(g); Wis. Stat. § 941.29. And the Wisconsin Constitution makes him ineligible to run for or hold elected office in the state. Wis. Const. Art. XIII, § 3. District courts and this court have rejected his five previous actions, all closely related, as meritless, frivolous, or even "absurd." *Smith v. United States*, No. 08-cv-262 (E.D. Wis. Apr. 2, 2008), *aff'd, Smith v. United States*, No. 08-2205 (7th Cir. Nov 6, 2008); *Smith v. President of the United States*, No. 08-cv-956 (E.D. Wis. Nov. 10, 2008), *aff'd, Smith v. President of the United States*, No. 09-3419 (7th Cir. Jan. 25, 2010) (summarily affirming dismissal of "absurd" constitutional claims); *Smith v. United States Congress*, No. 13-cv-0206 (E.D. Wis. Apr. 18, 2013); *Smith v. United States*, No. 17-cv-1419 (E.D. Wis. Jan. 29, 2018), *aff'd, Smith v. United States*, No. 18-2408, (7th Cir. Jan. 17, 2019), *cert. denied, Smith v. United States*, 140 S. Ct. 220 (2019) (mem.); *Smith v. United States*, No. 18-cv-988, (E.D. Wis. Nov. 14, 2019). The appellees have not defended the current cases based on claim preclusion, so we do not consider that defense.

We begin by describing the first case under appeal, No. 19-cv-671. Smith sued the United States Congress and Wisconsin Legislature claiming that the elected-office and firearm prohibitions, Wis. Const. Art. XIII, § 3; 18 U.S.C. § 922(g); Wis. Stat. § 941.29, are bills of attainder. The district court granted the defendants' motions to dismiss. It ruled that Congress cannot be sued without its consent and has not waived immunity for suits over alleged civil-rights violations. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). And the Wisconsin Legislature, the court explained, is not a "person" under 42 U.S.C. § 1983, so it is not subject to suit under that statute. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989). In any case, the court added, Smith would have lost on the merits: This court has held that criminalizing a convicted felon's possession of a firearm is not a bill of attainder. *United States v. Hemmings*, 258 F.3d 587, 594–95 (7th Cir. 2001). And the bar on felons holding elected office was not a bill of attainder as it did not determine guilt or inflict punishment. *See Dehainaut v. Pena*, 32 F.3d 1066, 1070 (7th Cir. 1994).

In the second case, No. 19-cv-1001, Smith argues generally that the defendants violated the Second, Thirteenth, and Fifteenth Amendments and that collateral consequences to a criminal conviction are *per se* unconstitutional. Regarding Congress, the district court again ruled that it had not waived its sovereign immunity and in any

case the complaint failed to state a claim. For the Wisconsin Legislature, which had not entered an appearance (it tells us now that it was not properly served), the court dismissed the claims *sua sponte* as "so obviously frivolous that the court cannot exercise subject-matter jurisdiction over them." Before the case ended, Congress moved to bar Smith from filing any further pro se lawsuits. The district court barred Smith from filing new suits based on his status as a descendant of slaves or as a convicted felon, a bar that he could move to rescind in three years. The court explained that Smith had abused the judicial process by relitigating essentially the same lawsuit despite multiple judges rejecting his claims, and the sanction was narrowly tailored to address Smith's abusive practices. S*ee Support Systems Intern., Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

On appeal, Smith renews several constitutional arguments. He attacks the firearms restriction in 18 U.S.C. § 922(g) under the Second Amendment and as a bill of attainder; Wisconsin's ban on felons holding office under the Fifteenth Amendment; and both laws under the Fourteenth Amendment as impermissible collateral consequences of convictions. In his reply brief, he asserts for the first time that the United States Congress waived its sovereign immunity in the Administrative Procedure Act, 5 U.S.C. § 702.

We agree with the district court that Smith cannot challenge these laws by suing these appellees. The United States (and its legislative branch, Congress) cannot be sued without its consent. *Meyer*, 510 U.S. at 475; *Bartley v. United States*, 123 F.3d 466, 467 (7th Cir. 1997). And Congress has not waived its immunity to suits based on alleged civil rights or constitutional violations. *See Meyer*, 510 U.S. at 477–78. Smith's contrary argument about the Administrative Procedures Act, raised for the first time in his reply, comes too late. *See Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018). In any event, Smith is mistaken that this Act authorizes suits against Congress—for one thing, Congress is not an administrative agency. *See* 5 U.S.C. § 702 (granting judicial review of "agency action"). Likewise, the Wisconsin Legislature was not a proper defendant. As an arm of the state of Wisconsin, it is not a "person" subject to suit under 42 U.S.C. § 1983. *Will*, 491 U.S. at 71; *Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017). Smith disclaims reliance on § 1983, but no other law could conceivably authorize relief.

For completeness, we note that we have previously upheld the challenged laws as constitutional. The federal and Wisconsin felon-dispossession statutes are reasonably related to an important government interest and do not violate the Second Amendment. *Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019). Moreover, § 922 is not a bill of attainder, *Hemmings*, 258 F.3d at 594–95, and the reasoning of *Hemmings* applies to the Wisconsin

statute, § 941.29. Also, states may bar convicted felons from running for or holding elected office without running afoul of the Fourteenth or Fifteenth Amendments. *See Parker v. Lyons*, 757 F.3d 701, 707 (7th Cir. 2014). And Smith's Thirteenth Amendment arguments are frivolous and reassert previously rejected claims. *Quincy Bioscience, LLC v. Ellishbooks*, 961 F.3d 938, 940–41 (7th Cir. 2020). Last, collateral consequences are a recognized and valid part of the criminal justice process. *See Spencer v. Kemna*, 523 U.S. 1, 8 (1998) (presuming convictions carry collateral consequences as a matter of course); *Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012) (same).

We end with two final matters. First, we need not address arguments that Smith forfeited either by failing to present them to the district court, *Hess v. Bresney*, 784 F.3d 1154, 1161 (7th Cir. 2015), or in his opening brief in this court, *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018). Second, we agree with the district court that Smith has abused the judicial process. Accordingly, we sanction Smith with a fine of $2,000; if he does not pay this fine to the Clerk of this court within 14 days, we will enter an order barring Smith from filing future litigation in any federal court in this circuit. S*ee Support Systems Intern.*, 45 F.3d at 186. We will make exceptions, though, for criminal cases or applications for writs of habeas corpus. *See id.* at 186–87. Smith will have permission to move this court in three years to rescind that order.

AFFIRMED