NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 28, 2021*
Decided April 28, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2996

| | |
|---|---|
| LASANDRA NORMAN, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:18CV209-PPS\JEM |
| CITY OF LAKE STATION, et al. <br>     *Defendants-Appellees*. | Philip P. Simon, <br> *Judge*. |

**O R D E R**

Two police officers from Lake Station, Indiana, arrested Lasandra Norman for driving under the influence. As relevant to this appeal, Norman sued the officers and the City of Lake Station, alleging that the officers used excessive force during the baseless arrest. After the defendants failed to respond to Norman's complaint, the clerk of court entered a default first against the City, then later the officers. But before the court entered judgment, the defendants moved to set aside their defaults and to dismiss

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the complaint. The court vacated the default and dismissed nearly all of Norman's claims, but it allowed her to replead the claim that the officers used excessive force when handcuffing her. The court then dismissed her second amended complaint for failing to state a claim. On appeal Norman challenges the decisions to vacate the defaults and to dismiss the excessive-force claim. We affirm.

In her earlier complaints, Norman alleged that, in December 2017, Lake Station police officers Troy Allen and Kevin McCann pulled her over on suspicion of drunk driving with her teenaged daughter in the car. She was given a breathalyzer test, and Allen, who is male, performed a pat-down search. One of the officers then put her in handcuffs so forcefully that she was injured, and she was taken into custody. Norman was charged, and, after a bench trial, a state circuit judge found her guilty of operating a vehicle while intoxicated and endangering a minor.

Norman sued the officers and the City in May 2018, alleging multiple constitutional violations related to her arrest and prosecution. Neither the City nor the officers appeared or responded to the complaint within the time required. On Norman's motion, the clerk of court entered default under Federal Rule of Civil Procedure 55(a) against Lake Station in December 2018, and, in August 2019, the court ordered Norman to submit evidence of her damages to support the entry of a judgment. The same month, the clerk entered a Rule 55(a) default against the two officers. The next day, attorneys appeared on behalf of Lake Station and the officers and moved to set aside the entries of default based on the City's inadvertent failure to distribute legal mail to the proper parties and the existence of meritorious defenses to the claims. *See* FED. R. CIV. P. 55(c). The district court granted the motion and ordered the defendants to respond to the complaint; they did so by moving to dismiss.

The court granted the defendants' motion. First, it concluded that claims about the validity of Norman's arrest and prosecution would undermine her conviction for driving under the influence and were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The court also found that Norman did not state a constitutional violation by alleging that she was searched by a male officer. *See Davis v. United States*, 564 U.S. 229, 232 (2011). And finally, the court determined that Norman failed to state a claim for municipal liability against Lake Station. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691–95 (1978). The district court granted Norman leave to replead only her excessive-force claim based on forceful handcuffing.

After some procedural fumbles, Norman filed her second amended complaint. In the one-paragraph pleading, she alleged that Allen "felt and grabbed on [her] female body parts searching her" and performed "degrading acts" like "sticking a device in her mouth [and] repeating to her blow and blow harder into said device." Norman also alleged that she was double-locked in handcuffs for a total of about an hour while being transported to the police station and later to jail. On the defendants' motion, the district court dismissed the complaint with prejudice, concluding that nothing Norman alleged suggested this was anything other than a routine arrest.

Norman appeals and first contends that the court should not have overturned the entry of default against the defendants. We review a district court's decision to set aside an entry of default for abuse of discretion. *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). As a preliminary matter, we emphasize (as the district court did) that this case involves only an entry of default, *see* FED. R. CIV. P. 55(a), not a default judgment, *see* FED R. CIV. P. 55(b). *VLM Food Trading Int'l Inc.*, 811 F.3d at 255 (explaining this two-step process). A district court may set aside an entry of default for good cause, *see* FED. R. CIV. P. 55(c), which we have explained can mean failing to respond to a summons or complaint through inadvertence (rather than willfully ignoring pending litigation). *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009). The party seeking to set aside the entry of default must also show quick action to correct the error and present a meritorious defense to the complaint, meaning "more than bare legal conclusions . . . but less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014).

The district court did not abuse its discretion when it set aside the entry of default. The defendants submitted an affidavit from the Lake Station employee responsible for sorting legal mail. She explained that the complaint and summonses were received but never delivered to the proper officials. The court reasonably found that the City had made a general mistake but had not engaged in any willful avoidance. The court also noted that, once made aware of the case by the entry of default against the officers, the defendants obtained counsel, filed appearances, and moved to vacate the default in less than two weeks, satisfying the prompt-action requirement. And finally, the court reasonably determined that the defendants had identified plausible defenses to the complaint: that many of Norman's claims were untenable because of her conviction for drunk driving and that, while Norman described unpleasant behavior by the officers, she did not allege facts that amounted to constitutional violations.

Norman also argues that the district court erred by dismissing her claim of excessive force by the arresting officers for their use of handcuffs. The court granted her leave to replead this claim with more details about any injuries or lasting harm from the handcuffs. Because "facts or admissions from an earlier complaint that are not included in a later complaint cannot be considered on a motion to dismiss," we look only to Norman's second amended complaint. *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782–83 (7th Cir. 2013). Norman alleges that she was double-locked in handcuffs with her hands behind her back for 40 minutes, then again for 20 minutes. She says nothing about pain or even discomfort. Therefore, Norman failed to state a claim for excessive force. *See Stainback v. Dixon*, 569 F.3d 767, 773 (7th Cir. 2009). Norman also reprised her claim that Allen searched her in an offensive manner, but here too her sparse allegations fall short of stating a claim. Although it refers to a "sexual assault," Norman's complaint states simply that Allen "felt and grabbed on" her while "searching" her. A full search of the person is permitted during a lawful arrest, *United States v. Robinson*, 414 U.S. 218, 236 (1973), and Norman's description does not put Allen on notice of why she believed that he conducted the search in an unreasonable manner. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Norman does not raise any cogent arguments against the dismissal of the other claims she asserted in her initial pleadings, so any challenge is waived. *See Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1054 (7th Cir. 2019).

AFFIRMED